IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEPHEN PENROSE, JAMES THOMAS, JOSEPH GUARDINO, and DANIEL POPE on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br> vs.<br><br>BUFFALO TRACE DISTILLERY, INC., OLD CHARTER DISTILLERY CO., and SAZERAC COMPANY, INC.,<br><br>    Defendants. | CASE NO. 4:17-CV-00294 |

**DEFENDANTS' MOTION TO DISMISS THE CLASS ACTION COMPLAINT**

  Buffalo Trace Distillery, Inc., Old Charter Distillery Co., and Sazerac Company, Inc. (collectively, "Defendants") hereby move this Court for an order pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), dismissing the Class Action Complaint in the above-captioned action with prejudice. Defendants state the following in further support of their Motion:

  1. Defendant Buffalo Trace Distillery, Inc. ("Buffalo Trace") produces a number of different spirits, including whisky. Old Charter is one such brand that Buffalo Trace makes while doing business as Old Charter Distillery Co.

  2. Plaintiffs Stephen Penrose, James Thomas, Joseph Guardino, and Daniel Pope ("Plaintiffs") filed a putative nationwide class action based on the faulty premise that Defendants misrepresented that Old Charter bourbon has been "aged 8 years." As set forth in detail in the accompanying memorandum of law, Plaintiffs' Complaint fails for a number of reasons, any one of which subjects their Complaint to dismissal with prejudice.

      3.      Plaintiffs' request for injunctive relief is subject to dismissal under Rule 12(b)(1) because, as Plaintiffs assert they know the true nature of Old Charter (Compl. ¶ 2), they cannot again suffer harm by purchasing Old Charter "for more than [its] actual value." *Kelly v. Cape Code Potato Chip Co.*, 81 F. Supp. 3d 754, 763-64 (W.D. Mo. 2015).  Thus, Plaintiffs lack Article III standing to pursue injunctive relief.

      4.      Plaintiffs' Complaint is subject to dismissal under Rule 12(b)(6) for the following reasons:

      a. The Old Charter label is not misleading. Plaintiffs claim that a reasonable reading of the number 8 and the phrase "matured for eight seasons" on the Old Charter label suggests that the bourbon was aged 8 years. Not so. No reasonable consumer would transform a naked number "8" into saying that the bourbon "has been aged for 8 years," or translate "seasons" into "years."

      b. Plaintiffs' claims are barred by a safe harbor defense. The safe harbor applies because the number 8 and the term "eight seasons" on Old Charter's label are authorized by federal law, as regulated by the Alcohol Tax and Trade Bureau ("TTB").

      c. Plaintiffs' Magnuson-Moss Warranty Act ("MMWA") claim fails because product descriptions do not constitute "written warranties" on which Plaintiffs can base a claim.

      d. Plaintiffs' common law claims should be dismissed because Plaintiffs fail to sufficiently identify the state law under which they seek to bring these claims, and because they lack standing to assert claims under states' laws to which they have no connection.

      e. Plaintiffs' common law claims each fail for additional claim-specific reasons including that (i) the number "8" and "eight seasons" do not form implied or express warranties, (ii) Plaintiffs cannot plead privity of contract; (iii) the fraud claim fails because a self-serving conclusion that Defendants falsely labeled Old

        Charter to induce consumers to buy the product lacks facts that give rise to an inference of fraudulent intent; (iv) the negligent misrepresentation claim is barred by the economic loss doctrine and because Plaintiffs cannot plead a duty of care that Defendants breached; and (v) the unjust enrichment claim improperly duplicates Plaintiffs' other claims.

5.    This motion is based on the accompanying Memorandum in Support of the Motion to Dismiss the Class Action Complaint, Request for Judicial Notice and the exhibits attached thereto, the papers and pleadings on file in this matter, and on such other and further matters or arguments that the Court deems appropriate.

6.    Defendants also request oral argument on this motion because it will provide the Court with a material understanding of the reasons warranting dismissal of this action with prejudice.

WHEREFORE, Defendants request that the Court enter an Order dismissing this action in its entirety with prejudice and for an Order setting this Motion for oral argument before the Court.

Dated: April 6, 2017   Respectfully submitted,

/s/ William R. Bay
**THOMPSON COBURN LLP**
William R. Bay
(wbay@thompsoncoburn.com)
One US Bank Plaza
St. Louis, Missouri 63101
Phone: (314) 552-6008

**COOLEY LLP**
Michelle C. Doolin *pro hac vice pending*
(mdoolin@cooley.com)
Darcie A. Tilly *pro hac vice pending*
(dtilly@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Phone: (858) 550-6000

*Attorneys for Defendants Buffalo Trace Distillery, Inc., Old Charter Distillery Co., and Sazerac Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2017, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which in turn forwarded notification of same to all counsel of record in these proceedings.

/s/ William R. Bay