**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| STEPHEN PENROSE, JAMES THOMAS, JOSEPH GUARDINO, and DANIEL POPE on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>BUFFALO TRACE DISTILLERY, INC., OLD CHARTER DISTILLERY CO., AND SAZERAC COMPANY, INC.<br><br>   Defendants. | CASE NO. 4:17-CV-00294 |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER CASE TO THE WESTERN DISTRICT OF KENTUCKY**

**Table of Contents**

Page

I.   INTRODUCTION ........................................................................................................... 1
II.  RELEVANT FACTS ..................................................................................................... 2
     A.  Plaintiffs' Allegations .......................................................................................... 2
     B.  Parties' Operations and Residence ....................................................................... 2
     C.  Nationwide Class Action Litigation Against Defendants. ................................... 3
III. LEGAL STANDARD .................................................................................................... 4
IV.  TRANSFER TO THE WESTERN DISTRICT OF KENTUCKY IS PROPER ............... 5
     A.  Plaintiffs' Action Could Have Been Brought in the Western District of
         Kentucky. ............................................................................................................. 5
     B.  The Western District of Kentucky Is A More Convenient Forum ....................... 5
         1.  The Convenience of the Parties Favors Transfer. ..................................... 6
         2.  The Convenience of the Witnesses Favors Transfer ................................ 7
         3.  The Location of Relevant Documents and Ease of Access to
             Evidence Favor Transfer. .......................................................................... 8
         4.  The Location of the Alleged Misconduct Favors Transfer. ...................... 9
     C.  The Interests of Justice Favor Transfer. ............................................................. 10
         1.  Plaintiffs' Choice of Forum Is Not Entitled to Deference. ...................... 10
         2.  The Comparative Costs to the Parties Favors Transfer. .......................... 13
         3.  The Western District of Kentucky Is Equally Familiar with the
             Applicable Law. ...................................................................................... 13
         4.  Judicial Economy and Plaintiffs' Ability to Enforce a Judgment
             Weigh in Favor of Transfer. .................................................................... 14
         5.  The Relative Docket Congestion and Time to Trial in Each Forum
             Favors Transfer. ...................................................................................... 14
         6.  Western District of Kentucky has a Stronger Local Interest in the
             Controversy. ............................................................................................ 15
V.   CONCLUSION ............................................................................................................. 15

# Table of Authorities

Page(s)

**Cases**

*Abbott v. Schneider Nat'l Carriers, Inc.*,
  2008 WL 4279590 (E.D. Mo. Sept. 12, 2008)...................................................................7

*In re Apple, Inc.*,
  602 F.3d 909 (8th Cir. 2010) ............................................................................... *passim*

*Biometics, LLC v. New Womyn, Inc.*,
  112 F. Supp. 2d 869 (E.D. Mo. 2000).................................................................6, 8, 11, 13

*C-Mart, Inc. v. Metro. Life Ins. Co.*,
  2013 WL 2403666 (E.D. Mo. May 31, 2013) ................................................... *passim*

*Crabb v. GoDaddy.com*,
  2010 WL 5890625 (W.D. Ark. Mar. 29, 2010) .................................................................6, 14

*Cunningham v. United Air Lines, Inc.*,
  2013 WL 3984513 (E.D. Mo. Aug. 1, 2013).......................................................................7, 9

*Dube v. Wyeth LLC*,
  943 F. Supp. 2d 1004 (E.D. Mo. 2013)...............................................................................6

*Express Scripts, Inc. v. Jefferson Health Sys. Inc.*,
  2014 WL 793773 (E.D. Mo. Feb. 24, 2014).......................................................................7, 14

*Geismann v. ZocDoc, Inc.*,
  2014 WL 4230910 (E.D. Mo. Aug. 26, 2014)...........................................................9, 10, 13, 14

*In re Global Cash Access Holdings, Inc. Sec. Litig.*,
  2008 WL 4344531 (S.D.N.Y. Sept. 18, 2008)...............................................................10, 11

*In re Hoffman-La Roche, Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009)..........................................................................................15

*Ippert v. Schwan's Home Serv., Inc.*,
  2011 WL 3444229 (E.D. Mo. Aug. 8, 2011) ....................................................................5, 6

*Merrick Bank Corp. v. Savvis, Inc.*,
  2008 WL 5146545 (E.D. Mo. Dec. 8, 2008) ...................................................................12, 13

*Saltzberg v. TM Sterling/Austin Assocs., Ltd.*,
  746 F. Supp. 1225 (S.D.N.Y. 1990).................................................................................6, 11

*Terra Int'l, Inc. v. Miss. Chem. Corp.*,
   119 F.3d 688 (8th Cir. 1997) ...........................................................................................5, 6

**Statutes**

28 U.S.C.
   § 1391.................................................................................................................................5
   § 1404.................................................................................................................................5

**Other Authorities**

Federal Judiciary, Federal Court Management Statistics 2016, March 5, 2017,
   http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile09
   30.2016.pdf ......................................................................................................................15

# I. INTRODUCTION

Pursuant to 28 U.S.C. § 1404(a), Defendants Buffalo Trace Distillery, Inc., Old Charter Distillery Co., and Sazerac Company, Inc. (collectively, "Defendants") move to transfer this action to the United States District Court for the Western District of Kentucky.

This motion should be granted because (1) Plaintiffs' choice of forum is highly inconvenient, (2) the Western District of Kentucky is the most convenient forum for the parties and witnesses, and (3) Plaintiffs' choice of forum is not entitled to any weight because Plaintiffs' counsel engaged in forum shopping. Plaintiffs filed this nationwide class action with allegations nearly identical to those of a putative nationwide class action previously filed by their counsel in New York. The New York action's complaint was voluntarily dismissed in the face of Defendants' pending motion to dismiss, and this action was filed the following day. (*See* Declaration of Michelle Doolin ("Doolin Decl.") Ex. B.) Courts routinely deny parties the benefits of such impermissible forum shopping. *See C-Mart, Inc. v. Metro. Life Ins. Co.*, 2013 WL 2403666, at *5 (E.D. Mo. May 31, 2013) ("[T]he interests of justice weigh heavily in favor of transfer because Plaintiff's choice of forum creates the perception of impermissible forum shopping."). Accordingly, Defendants request that the Court transfer this case to the Western District of Kentucky, where Defendants conduct their business related to Plaintiffs' complaints.

Each of the individualized, case-by-case considerations of convenience and fairness analyzed in the section 1404(a) transfer calculus weigh in favor of transfer. First, there can be no dispute that the Western District of Kentucky is a proper forum in which this action might have been brought as all Defendants operate in Kentucky and Sazerac maintains active offices in the Western District of Kentucky. Second, transfer is more convenient for the parties and witnesses; whereas the Plaintiffs are dispersed across the country, all Defendants reside in Kentucky and

witnesses critical to the defense of this action regularly work in the Western District of Kentucky. Additionally, the Western District of Kentucky is where the majority, if not all, of the documentary evidence is stored. Third, transfer serves judicial economy as it mitigates the needless waste of judicial resources that this Court would spend on managing parties and witnesses beyond its jurisdiction. Lastly, Plaintiffs' choice of forum should be afforded zero deference because they seek to represent a nationwide class and Plaintiffs' counsel selected this forum after impermissible forum shopping.

For these reasons, Defendants respectfully request that the Court grant this motion and transfer this action to the U.S. District Court for the Western District of Kentucky.

## II. RELEVANT FACTS

### A. Plaintiffs' Allegations

On January 27, 2017, Plaintiffs Stephen Penrose, James Thomas, Joseph Guardino, and Daniel Pope ("Plaintiffs"), represented by Bursor & Fisher, P.A. ("Plaintiffs' Counsel"), initiated this action against Defendants. Plaintiffs' claims arise from their contention that Defendants' "Old Charter" bourbon falsely represents that it is aged for at least 8 years. Plaintiffs assert claims for (1) violation of the Missouri Merchandising Practicing Act ("MMPA"), (2) violation of New York Gen. Bus. Law § 349, (3) violation of New York Gen. Bus. Law § 350, (4) unjust enrichment, (5) breach of express warranty, (6) violation of the Magnuson-Moss Warranty Act, (7) breach of implied warranty of merchantability, (8) fraud, (9) negligent misrepresentation, (10) violation of Florida Deceptive and Unfair Trade Practices Act, and (11) violation of the South Carolina Unfair Trade Practices Act.

### B. Parties' Operations and Residence.

Sazerac Company, Inc., ("Sazerac") is a Louisiana corporation with Kentucky offices and operations, and Buffalo Trace Distillery, Inc., ("Buffalo Trace") is a Kentucky Corporation

actively operating in the state. (Declaration of Steve Wyant ("Wyant Decl.") ¶¶ 2-3.) Old Charter Distillery Co. is a certified assumed name of Buffalo Trace registered with the state of Kentucky.[1] (*Id*. ¶ 4.) Sazerac's office is in Louisville—in the Western District of Kentucky—and Buffalo Trace's office is in Frankfort, less than 60 miles away. (*Id*. ¶ 3.) Both companies' key decision-making employees regularly work out of these locations. (*Id*. ¶ 8.)

The IT servers for each company are located in the Western District of Kentucky. (*Id*. ¶ 5.) Old Charter's "Certificate of Label Approvals" from the federal Alcohol and Tobacco Tax & Trade Bureau, and documents containing information regarding Old Charter labeling, branding, pricing, and sales are stored within the Western District at Sazerac's Louisville office. (*Id*. ¶ 5.) Neither company maintains a physical office in Missouri. (*Id.* ¶ 7.) Sazerac employs one individual, a salesperson who is irrelevant to this action, in Missouri. (*Id*. ¶ 6.)

Plaintiffs Penrose, Thomas, Guardino, and Pope allege that they are residents of Missouri, North Carolina, New York, and South Carolina, respectively. (Compl. ¶¶ 14-17.) The Complaint alleges that Penrose purchased Old Charter in Missouri, Thomas in Florida, Guardino in New York, and Pope in South Carolina. (*Id*.)

### C. Nationwide Class Action Litigation Against Defendants.

On October 13, 2016, Plaintiffs' Counsel sent a letter purportedly pursuant to, *inter alia*, New York General Business Law § 349 *et seq.* and the MMPA to Defendants on behalf of alleged New York resident Nicholas Parker, alleged Missouri resident Penrose, and all purchasers of Old Charter in the United States. (Doolin Decl ¶ 2.) Thereafter on November 18, 2016, Plaintiffs' Counsel filed suit against Defendants in the U.S. District Court for the Southern District of New York on behalf of *only* Nicholas Parker and a putative nationwide class of Old

---

[1] For purposes of this action, both Buffalo Trace Distillery, Inc. and Old Charter Distillery Co. are referred to as "Buffalo Trace."

3

Charter bourbon purchasers (Case No. 1:16-cv-08986-LLS). (*Id*. ¶ 3.) In that case, Parker alleged that Old Charter's label misrepresents that Old Charter has been aged for at least 8 years. (*Id*. Ex. A.) Based on this allegation, Parker asserted seven claims against Defendants, all of which are asserted in the present action. (*Id*.) After Parker filed his complaint, the parties' counsels discussed whether Parker would file an amended complaint. His counsel indicated that Parker would not be amending at that time. (*Id*. at ¶ 4.) Defendants subsequently filed a motion to dismiss the complaint on January 12, 2017. (*Id*. at ¶ 5.) Parker and his counsel **did not oppose the motion**; instead, two weeks later on January 26, 2017—**with the motion pending**—Parker voluntarily dismissed his case. (*Id*.)

The next day, on January 27, 2017, Plaintiffs' Counsel filed the present lawsuit in the Eastern District of Missouri on behalf of Plaintiffs, including Penrose, and a putative nationwide class of all individuals in the United States who purchased Old Charter. The Complaint asserts claims that are essentially identical to those alleged in the New York complaint. (Doolin Decl., Ex. C). Plaintiffs in the Missouri action, like Mr. Parker in the New York action, seek to represent the same nationwide class of Old Charter purchasers. (*See id*.) The basis for each lawsuit is the same, and the factual allegations are repeated almost verbatim. (*See id*.) The primary difference between this action and the New York action is that this action has added causes of action under the consumer protection statutes of Missouri, Florida, and South Carolina (and corresponding subclasses) along with an added cause of action for breach of the implied warranty of merchantability. (*See id*.)

## III.  LEGAL STANDARD

The Court, "[f]or the convenience of parties and witnesses, in the interest of justice . . . may transfer any civil action to any other district or division where it might have been brought."

4

28 U.S.C. § 1404(a). Transfer to another district is proper if (1) the district is one in which the action "might have been brought," (2) transfer would promote the convenience of the parties and witnesses, and (3) transfer would serve "the interests of justice." 28 U.S.C. § 1404(a); *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). "Whether to grant or deny a request to transfer a case under § 1404(a) is within the trial court's sound discretion." *C-Mart, Inc.*, 2013 WL 2403666, at *2.

## IV.  TRANSFER TO THE WESTERN DISTRICT OF KENTUCKY IS PROPER

Transfer to the Western District of Kentucky is proper because (1) this action could have been brought in the transferee district, (2) the convenience of the parties and witnesses would be served by the transfer, and (3) the interests of justice favor transfer to Kentucky.

### A. Plaintiffs' Action Could Have Been Brought in the Western District of Kentucky.

The Court must first determine whether the action "might have been brought" in the district to which defendants seek transfer. *See In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010). Plaintiffs indisputably could have brought this action in the Western District of Kentucky. Sazerac maintains offices in the Western District of Kentucky, out of which many key employees regularly operate, and Buffalo Trace's offices and operations are also in Kentucky, less than 60 miles away. *See* 28 U.S.C. §§ 1391(b), (c). (Wyant Decl. ¶¶ 3, 8.)

### B. The Western District of Kentucky Is A More Convenient Forum.

To determine whether transfer would serve the convenience of the parties and potential witnesses, courts consider: (1) "the convenience of the parties," (2) "the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony," (3) "accessibility of records and documents," and (4) "the location where the conduct occurred." *Ippert v. Schwan's Home Serv., Inc.*, 2011 WL

3444229, at *2 (E.D. Mo. Aug. 8, 2011) (quotation omitted); *see also Terra Int'l, Inc.*, 119 F.3d at 691. Paramount of these factors is the convenience of the witnesses. *Ippert*, 2011 WL 3444229, at *2. Transfer is appropriate when the balance of these factors demonstrates that the convenience of the transferee forum outweighs the forum chosen by the plaintiffs. *Dube v. Wyeth LLC*, 943 F. Supp. 2d 1004, 1007 (E.D. Mo. 2013) (The party requesting transfer needs to show that "the balance of these factors favors it."). Here, the factors favor transfer.

1. **The Convenience of the Parties Favors Transfer.**

Transfer to the Western District of Kentucky is proper because it is a significantly more convenient forum for Defendants and, *at most*, only slightly more inconvenient to only *one* of the four named Plaintiffs. *See Crabb v. GoDaddy.com*, 2010 WL 5890625, at *2 (W.D. Ark. Mar. 29, 2010) (stating that even if transferor district is "clearly . . . more convenient" for plaintiffs, it does not outweigh a transferee district that is more convenient for defendants); *Saltzberg v. TM Sterling/Austin Assocs., Ltd.*, 746 F. Supp. 1225, 1227 (S.D.N.Y. 1990). This suit involves defendants who operate in Kentucky and a putative class of plaintiffs dispersed across the nation. (*See* Wyant Decl. ¶ 3; Compl. ¶ 25.) Every employee with decision-making authority pertinent to the production and marketing of Old Charter works out of Kentucky, and regularly in Sazerac's Louisville office. (*See infra* IV.B.2.)

If Defendants are required to travel to Missouri to litigate, they will "incur expenses for airfare, meals and lodging, and losses in productivity from time spent away from work." *See In re Apple, Inc.*, 602 F.3d at 913-14; *see also Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 875-76 (E.D. Mo. 2000) (finding convenience of parties strongly favored transfer because "that is where the documents, financial records, and employees likely to have knowledge of the facts concerning defendants' allegedly infringing products are located"); (Wyant Decl. ¶ 10.) The

fact that "[t]hese costs would be significantly minimized or avoided by transfer" weighs in favor of transfer to the Western District of Kentucky. *See In re Apple, Inc.*, 602 F.3d at 914. On the other hand, plaintiffs must travel regardless of the forum in which this case proceeds, as only one plaintiff, Mr. Penrose, is a Missouri resident. Any inconvenience imposed by the transfer would be slight, if anything at all. *See Cunningham v. United Air Lines, Inc.*, 2013 WL 3984513, at *4 (E.D. Mo. Aug. 1, 2013) (noting that convenience of parties favored transfer even if more convenient only for Defendants). As such, the convenience of the parties favors transfer.

### 2. The Convenience of the Witnesses Favors Transfer.

The most important factor in the 28 U.S.C. § 1404(a) transfer calculus—the convenience of the witnesses—also favors transfer. For this factor, the Court must consider the number of potential witnesses in a forum and the value of their likely testimony. *See Express Scripts, Inc. v. Jefferson Health Sys. Inc.*, 2014 WL 793773, at *4 (E.D. Mo. Feb. 24, 2014) ("[T]he Court must consider 'the importance of the witnesses' proposed evidence[.]'" (quoting *Abbott v. Schneider Nat'l Carriers, Inc.*, 2008 WL 4279590, at *4 (E.D. Mo. Sept. 12, 2008)).); *C-Mart, Inc.*, 2013 WL 2403666, at *3-4 (finding defendants' "general statement" of what testimony from witnesses in transferee district will show favored transfer). Not only this, the Court should consider whether courts will have subpoena party over nonparty witnesses, including former employees of a party. *See Express Scripts, Inc.*, 2014 WL 793773, at *4.

Other than one of the four named plaintiffs, there are no known witnesses in Missouri. Defendants neither have offices nor employees in Missouri (aside from one salesperson who is not relevant to this action). (Wyant Decl. ¶¶ 6, 8.) Indeed, all of Defendants' potential party witnesses work in Kentucky, and all key individuals regularly work in Louisville. (Wyant Decl. ¶ 8.) For example, Sazerac's Bourbon Marketing Director, Kris Comstock, resides in Kentucky,

7

works out of Buffalo Trace distillery in Frankfort, and on a regular basis attends meetings at the Louisville Sazerac offices. (Wyant Decl. ¶ 9.) He may testify about facts regarding Old Charter's pricing, sales, and distribution. (*Id.*) Other personnel who may be identified as witnesses include (1) Sazerac's Master Blender and Director of Quality, Drew Mayville, who would testify about the flavor consistency of Old Charter and who works on a regular basis at the companies' main office in Louisville, in addition to other locations in Kentucky, and (2) Sazerac's Chief Commercial Officer, Steve Wyant, who would testify about the marketing of Old Charter, resides in Texas and works out of the Louisville offices, in addition to other locations in Kentucky. (*Id.*)[2] In addition to the costs of these employees' travel to Missouri on Defendants (*see supra* Section IV.B.1), the identified employees will incur "personal costs associated with being away from work, family, and community." *See Apple,* 602 F.3d at 913-14 (quotation omitted) (analyzing the convenience of employee witnesses). Accordingly, the convenience of the witnesses, the most heavily weighted factor, favors transfer. *See Biometics, LLC*, 112 F. Supp. 2d at 875-76 (finding that the "primary" factor, witness convenience, weighed strongly in defendants' favor where key witnesses, including employees, were located in the transferee district).

      **3.    The Location of Relevant Documents and Ease of Access to Evidence Favor Transfer.**

Even in the world of electronic filing, courts recognize that a more convenient forum can be found where the bulk of original documentary and other physical evidence is located. *See In re Apple, Inc.*, 602 F.3d at 914 ("While electronic filing may lessen the inconvenience of document handling, if the need arises to refer to original documents or evidence in the litigation,

---

[2] Defendants refer to these positions to provide examples of the specific role of each employee and the information they likely possess. Actual party witnesses are contingent upon the development of the case and thus subject to change. That said, virtually all employees likely to be a potential witness in this matter reside or primarily work in Kentucky.

8

Northern California would prove a more convenient forum."). Here, most, if not all, of the potentially relevant documents are located in the Western District of Kentucky. The servers used by both Sazerac and Buffalo Trace are located within the Louisville Sazerac office. (Wyant Decl. ¶ 5.) In comparison, little to no evidence is located in Missouri because no conduct relevant to the production, manufacture, or labeling of Old Charter occurred there. *See Cunningham*, 2013 WL 3984513, at *4 (Although the defendant conducted some business in the transferor district, transfer was appropriate to the district containing the offices related to the claims, and the relevant records); *see also In re Apple, Inc.*, 602 F.3d at 914. In addition, Sazerac's IT department and other employees with knowledge of the type of records available and how to access them work out of Louisville. (Wyant Decl. ¶ 5.) For these reasons, the ease of access to evidence also favors transfer.

### 4. The Location of the Alleged Misconduct Favors Transfer.

The conduct that forms the basis of Plaintiffs' claims occurred in the Western District of Kentucky. The crux of Plaintiffs' Complaint is that Defendants allegedly misleadingly labeled Old Charter to state that it has been aged for at least 8 years. (Compl. ¶ 2.) Decisions regarding the period for which Old Charter is aged as well as its labeling and marketing are made by employees in Kentucky who regularly work in Sazerac's Louisville offices. (Wyant Decl. ¶¶ 8-9.) As such, the location of the alleged conduct favors transfer. *See Cunningham*, 2013 WL 3984513, at *4 (transfer appropriate to district of defendant's "offices . . . from which they conduct business related to Plaintiffs' claims"); *Geismann v. ZocDoc, Inc.*, 2014 WL 4230910, at *3 (E.D. Mo. Aug. 26, 2014).

That plaintiff Stephen Penrose purchased Old Charter in Missouri does not change this analysis. The focus for transfer analysis is where the "conduct complained of" occurred.

*Geismann*, 2014 WL 4230910, at *3. In *Geismann*, the court found transfer proper, despite the plaintiff's receipt of an allegedly improper fax in the transferor state, because "the conduct complained of—which is the *sending* and not the *receipt* of the faxes at issue—occurred in New York" at the company's headquarters. *Id.* So too here. The "conduct complained of"— defendants' alleged misrepresentations regarding the age statement on Old Charter Bourbon— occurred in Kentucky, not Missouri. *In re Global Cash Access Holdings, Inc. Sec. Litig.*, 2008 WL 4344531, at *6 (S.D.N.Y. Sept. 18, 2008) ("[M]isrepresentations or omissions occur where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received." (internal quotation omitted)). This factor thus also favors transfer to the Western District of Kentucky. *See C-Mart*, 2013 WL 2403666, at *4 (granting transfer because the lawsuit's only connection to Missouri was the named Plaintiff's (a Missouri resident) receipt of an allegedly unlawful fax in Missouri).

### C. The Interests of Justice Favor Transfer.

When evaluating the "interest of justice prong," courts may consider "some or all" of the following factors: (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law. *Geismann*, 2014 WL 4230910, at *4. On balance, the interest of justice here requires transfer.

#### 1. Plaintiffs' Choice of Forum Is Not Entitled to Deference.

Here, Plaintiffs' choice of forum is entitled to zero deference because (1) three of the four plaintiffs are not residents of the chosen forum; (2) Plaintiffs seek to represent a putative

nationwide class of individuals; (3) Plaintiffs' chosen forum lacks a meaningful connection to the lawsuit; and (4) Plaintiffs' choice of forum is the result of forum-shopping.

**Three of the four named plaintiffs reside outside Missouri.** (Compl. ¶¶ 14-17.) Courts afford the choice of forum less deference where the plaintiff is not a resident of the forum state. *See Biometics*, 112 F. Supp. 2d at 877. Here, the **only** connection between Plaintiffs' chosen forum and the action is Stephen Penrose. (Compl. ¶ 14.) That only one plaintiff, in a multi-plaintiff action, is a resident of this state undercuts any claim Plaintiffs may make that their forum election is entitled to deference. *See Saltzberg v. TM Sterling/Austin Assocs., Ltd.*, 746 F. Supp. 1225, 1227 (S.D.N.Y. 1990) (ordering transfer where "[o]n the plaintiffs' side, there is no preponderating contact with the Southern District of New York" because "[o]nly one plaintiff resides here").

**Plaintiffs' choice of forum for a class action carries no weight.** Although a plaintiff's choice of forum generally carries weight in the court's transfer analysis, that is not the case in nationwide class actions. A plaintiff's choice of forum is entitled to substantially less deference "where members of the class are dispersed throughout the nation." *C-Mart*, 2013 WL 2403666, at *4 (quoting *In re Global Cash Access Holdings, Inc. Secs. Litig.*, 2008 WL 4344531, at *7 (S.D.N.Y. Sept. 18, 2008)). Such is the case here. Plaintiffs seek to represent a *nationwide class* of purchasers of Old Charter bourbon. (Compl. ¶¶ 1, 25.) Accordingly, Plaintiffs' choice of forum is entitled to no deference. *See C-Mart*, 2013 WL 2403666, at *4.

**The present action lacks a meaningful connection to the forum state**. Courts also find deference to plaintiff's choice of forum improper where defendants lack a meaningful connection to the forum state. *C-Mart*, 2013 WL 2403666, at *4-5 (finding fact that "the vast majority of witnesses reside in Florida and have no connection to Missouri" and that "the events giving rise

to this litigation did not occur in Missouri" helped a defendant overcome any deference the court granted to the plaintiff's choice of forum). As discussed, the Complaint concerns conduct that allegedly occurred in Kentucky, including at Defendants' offices. (Wyant Decl. ¶¶ 3, 8.) No evidence is in Missouri (it is in Kentucky), and all but a single witness (Mr. Penrose) are located outside of Missouri. (Wyant Decl. ¶¶ 6, 8.)

**Plaintiffs' choice of forum resulted from forum-shopping.** Finally, any remaining weight given to Plaintiffs' choice is vitiated by "the perception of impermissible forum shopping." *C-Mart*, 2013 WL 2403666, at *5; *Merrick Bank Corp. v. Savvis, Inc*., 2008 WL 5146545, at *5 (E.D. Mo. Dec. 8, 2008) (granting transfer even where defendants' position was not particularly strong because "the Court gives little, if any, deference to Plaintiff's choice of forum due to . . . the perception of impermissible forum shopping"). In *C-Mart, Inc*., plaintiff, acting through counsel, filed a putative class action in the Southern District of Florida and then filed a "substantively identical class action complaint" in the Eastern District of Missouri. 2013 WL 2403666, at *1. Plaintiff voluntarily dismissed the Florida action shortly after. *Id.* Defendant subsequently moved to transfer the Missouri action to the Southern District of Florida, the forum wherein the defendant's office and majority of evidence was located. *Id.* Upon review of the first lawsuit, the court found that the "interests of justice weigh heavily in favor of transfer because Plaintiff's choice of forum creates the perception of impermissible forum shopping." *Id.* at *5.

The circumstances here also show impermissible forum shopping. The Complaint is "substantively identical" to the one previously filed and voluntarily dismissed by Plaintiffs' Counsel in the Southern District of New York. (Doolin Decl. ¶ 3; Ex. C.) Plaintiffs' Counsel did not amend the New York complaint to add additional plaintiffs to the putative nationwide class, including another New York plaintiff, nor did it amend the complaint to include the additional

causes of action. Rather, Plaintiffs' Counsel dismissed the suit in the face of Defendants' pending motion to dismiss and filed the present action in Missouri the next day.[3] This is forum shopping. *See C-Mart*, 2013 WL 2403666, at *5. Accordingly, Plaintiffs' choice of forum should be given no deference. *Id.*; *see also Merrick Bank Corp.*, 2008 WL 5146545, at *5 ("[A]ny remaining deference is negated by evidence that Plaintiff's choice of forum was admittedly based on impermissible forum shopping.")

### 2. The Comparative Costs to the Parties Favors Transfer.

That the defense of this case in Missouri would substantially increase travel costs and disrupt the operations of both Sazerac and Buffalo Trace favors transfer. (*See* Wyant Decl. ¶ 10); *Biometics*, 112 F. Supp. 2d at 875-76 (granting motion to transfer where defendant would be forced to bear significant costs and loss of employee time). Yet Plaintiffs would incur little to no additional cost should they be required to litigate in the Western District of Kentucky. As discussed, three of the four named plaintiffs will be required to travel whether this case takes place in Missouri or Kentucky. Transfer would thus yield substantial cost savings to Defendants while not increasing the burden on Plaintiffs. Accordingly, this factor also weighs in favor of transfer.

### 3. The Western District of Kentucky Is Equally Familiar with the Applicable Law.

There is no particular advantage by having a Missouri Court litigate over this action. Indeed, the Magnuson Moss Warranty Act claim is based on a federal statute and "properly before any federal court." *Geismann*, 2014 WL 4230910, at *3. With respect to the state statutory and common law claims, "there is no reason a federal court cannot properly interpret the longstanding common law of another state." *Id.* As such, both this Court and the Western

---

[3] Defendants' motion to dismiss was pending before the District Court for the Southern District of New York at the time Plaintiff dismissed the New York action and thus imposed substantial costs on Defendants. Such impermissible forum shopping should not be tolerated.

13

District of Kentucky are qualified to determine what law governs and apply it to the dispute before them. *See Crabb v. GoDaddy.com*, 2010 WL 5890625 (W.D. Ark. Mar. 29, 2010) (noting that the application of different states' laws is neutral because "federal courts routinely apply and interpret laws of other states"). This factor is neutral at worst, and does not favor keeping this action in this district.

### 4. Judicial Economy and Plaintiffs' Ability to Enforce a Judgment Weigh in Favor of Transfer.

Judicial economy would be served by transfer because all party witnesses for the Defendants reside or work regularly out of Louisville, Kentucky. *See Express Scripts, Inc.*, 2014 WL 793773, at *4 (finding transfer appropriate to district of key employee witnesses and where court can exercise subpoena power over former employees). Although many of witnesses are Defendants' employees, they would be outside the subpoena power of this court should they pursue employment elsewhere. Thus, potential employment contingencies may result in a lack of jurisdiction over key witnesses should this case remain in Missouri. A better use of judicial resources would be to adjudicate the action in a forum where key witnesses are amenable to jurisdiction independent from their places of employment. *See id.*

The ability to enforce a judgment also favors a Kentucky forum. As Defendants are located in the Western District of Kentucky, any judgment against them would eventually need to be enforced there. *See Geismann*, 2014 WL 4230910, at *2 (noting that the fact that "any judgement issued in this case would eventually be enforced in New York . . . weigh[s] slightly in favor of transfer [to New York]").

### 5. The Relative Docket Congestion and Time to Trial in Each Forum Favors Transfer.

Lastly, considerations of judicial efficiency slightly favor transfer to the Western District of Kentucky. *See In re Apple, Inc.*, 602 F.3d at 915 ("Docket congestion is a permissible factor to consider in deciding a § 1404(a) motion, but it is not by itself, a dispositive factor." (internal citations and quotations omitted)). Federal Court Management Statistics from the Administrative

Office of the United States Courts suggest that the action may be resolved more quickly if transferred to the Western District of Kentucky. As of September 30, 2016, the median time from filing to disposition in civil cases in the Eastern District of Missouri was 18.8 months, compared to only 9.2 months in the Western District of Kentucky.[4]

### 6. Western District of Kentucky has a Stronger Local Interest in the Controversy.

Because this action is a nationwide class action, the claims at issue are specific to neither the Eastern District of Missouri nor the Western District of Kentucky. Nevertheless, the Western District of Kentucky has a stronger local interest in resolving this dispute because it calls into question the reputation of two companies operating in or near its borders. *See In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (local interests are strong when plaintiff's claims call into question the work and reputation of individuals residing in or near that district). Because Plaintiffs' claims arise from the conduct that occurred within the Western District of Kentucky, it has a stronger local interest in resolving the controversy.

## V. CONCLUSION

The Western District of Kentucky is both an appropriate transferee venue and a more convenient forum. The factors considered in the transfer calculus under 28 U.S.C. § 1404(a) weigh overwhelmingly in favor of transfer. For these reasons, Defendants respectfully request that this Court transfer this action to the Western District of Kentucky.

---

[4] The Federal Judiciary, Federal Court Management Statistics 2016, March 5, 2017, http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2016.pdf. The docket speed data for the time from filing to trial for 2016 in the Western District of Kentucky is unavailable.

Dated: April 6, 2017                    Respectfully submitted,

                                        /s/ William R. Bay
                                        **THOMPSON COBURN LLP**
                                        William R. Bay
                                        (wbay@thompsoncoburn.com)
                                        One US Bank Plaza
                                        St. Louis, Missouri 63101
                                        Phone: (314) 552-6008

                                        **COOLEY LLP**
                                        Michelle C. Doolin *pro hac vice pending*
                                        (mdoolin@cooley.com)
                                        Darcie A. Tilly *pro hac vice pending*
                                        (dtilly@cooley.com)
                                        4401 Eastgate Mall
                                        San Diego, CA 92121
                                        Phone: (858) 550-6000

                                        *Attorneys for Defendants Buffalo Trace Distillery, Inc., Old Charter Distillery Co., and Sazerac Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2017, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which in turn forwarded notification of same to all counsel of record in these proceedings.

                                        /s/ William R. Bay