# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS PARKER, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BUFFALO TRACE DISTILLERY, INC., OLD CHARTER DISTILLERY CO., and SAZERAC COMPANY, INC. <br><br> Defendants. | **CASE NO.** <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Nicholas Parker ("Plaintiff"), by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge, against Defendants Buffalo Trace Distillery, Inc., Old Charter Distillery Co., and Sazerac Company, Inc. (collectively "Defendants").

## NATURE OF THE ACTION

1. This is a class action lawsuit on behalf of purchasers of Old Charter bourbon (the "Product") in the United States.

2. Defendants represent that Old Charter is an 8-year aged bourbon. That is false and misleading. Old Charter used to be aged for 8 years, but Defendants stopped that practice in approximately January 2014. The bourbon bearing the Old Charter name is now aged for significantly less than 8 years and is of inferior quality to its former self. But in an attempt to upsell the newer, younger, and inferior product, Defendants' bottle labeling still misleads consumers to believe that the bourbon is aged 8 years.

1

3. The misrepresentation appears in three places on the bottle: on the neck, on its own label on the top of the body, and in the text portion which reads "gently matured for eight seasons in century old brick warehouses:"



4. The label from before and after Defendants' switcheroo was unchanged with one minor exception. In an apparent game of "gotcha" with consumers, Defendants omitted the words "aged" and "years" from the label, but continued touting the number 8:



5. This deceptive change fails to inform anyone that Defendants' product is now composed of cheaper and lower-quality bourbon. The number 8 is still prominently shown in the same three places on the bottle, and the label still reads "gently matured for eight seasons …."

6. It is clear that the word "seasons" unambiguously means "years." This is readily apparent from the labels of Defendants' prior 8-year and 10-year aged Old Charter products, which claimed to be matured for "eight seasons" and "ten seasons," respectively:

3



7. The above photo also shows that the number 8 is not part of the name of the Old Charter product as the number 8 never appeared on the 10-year version of Old Charter.

8. Published reviews of Old Charter agree that quality has significantly dropped since Defendants stopped aging the bourbon for 8 years. One reviewer wrote that he had "mistakenly purchased a handle of Old Charter '8' in Louisiana thinking it was the 8 year and had then found a[n old] bottle of the 8 year [and] decided that we needed to do another comparison. See if I should still be upset at the change." After sampling both, the reviewer

4

concluded that "for Old Charter 8 the NAS [non age-stated] release was strikingly inferior to the age-stated product."[1]

        9.       Countless consumers have complained online of Defendants' deceiving practice. For example, one consumer wrote:

> Several bourbons are going this route and you can argue over the reasoning as to why but it [angers me] that I bought Old Charter 8 yesterday thinking it was 8 yr [sic] old and not the new no age statement 8.[2]

Another wrote:

> And what's said is deceptive, very deceptive in fact . . . It's still hogwash though and deceptive . . . because what you're really doing is selling younger whisky while pretending it's older.[3]

Another wrote:

> It's one thing to have supply issues and be honest. It's another to pull the years but keep the number on the bottle to give the perception of an aged product. It's getting hard to support this companies [sic] products, very hard.[4]

Another wrote:

> Buffalo Trace/Sazerac has been extremely evasive and downright sneaky about what they're up to with dropping true age statements while craftily deceiving people by leaving numbers on the labels ...[5]

       10.      This deception could not have occurred by mistake or happenstance. The subtlety of the changes to the labeling make clear that Defendants intended to mislead consumers into believing that Old Charter continues to be aged for 8 years.

---

[1] http://www.bourbonguy.com/blog/2014/12/23/sazerac-just-remove-the-damn-numbers-part-2-old-charter-8-vs-8-year

[2] https://www.reddit.com/r/bourbon/comments/2p0nrv/review_56_old_charter_8_year/

[3] https://www.straightbourbon.com/community/topic/22902-what-bourbon-did-you-purchase-today-spring-2015/?page=35

[4] https://www.straightbourbon.com/community/topic/20960-more-age-statement-deception-by-sazerac/

[5] http://recenteats.blogspot.com/2014/01/sazeracs-funny-numbers.html

5

11. Despite the fact that Defendants switched the Old Charter bourbon to a younger and lower quality spirit, the price remained the same. Consumers therefore got stuck paying the premium price of an 8-year bourbon for a much lower-value product.

12. The price premium associated with age-stated bourbon is readily discernable from Defendants' pricing of their other products. For example, at Total Wine, the largest independently owned wine store in the United States, WL Weller 12 year, the age-stated version of Buffalo Trace's Weller product, commands a 50% price increase over WL Weller Special Reserve, the non-age-stated version of the same bourbon.[6]

13. Plaintiff is a purchaser of Old Charter who asserts claims on behalf of himself and similarly situated purchasers of Old Charter for violations of the consumer protection laws of New York, unjust enrichment, breach of express warranty, violation of the Magnuson-Moss Warranty Act, fraud, and negligent misrepresentation.

## PARTIES

14. Plaintiff Nicholas Parker is a citizen of New York who resides in New York, New York. Mr. Parker purchased Old Charter from Gramercy Wine & Spirits in New York, New York, in or about December 2015 for approximately $22.99. Prior to purchase, Mr. Parker carefully read the Old Charter bottle's labeling, including the number eight that appears in three locations on the front of the bottle, as well as the statement that the Product is "gently matured for eight seasons." Mr. Parker believed this statement to mean that the bourbon was aged 8 years, and relied on it in that he would not have purchased Old Charter at all, or would have only

---

[6] *Compare* http://www.totalwine.com/search/all?text=weller+special+reserve&tab=fullcatalog (price of WL Weller Special Reserve is $16.99) *with* http://www.totalwine.com/spirits/bourbon/small-batch-bourbon/wl-weller-bourbon-12-yr/p/105505750 (price of WL Weller 12 year is $25.49).

6

been willing to pay a substantially reduced price for Old Charter had he known that this representation was false and misleading.

15. Defendant Buffalo Trace Distillery, Inc. is a Kentucky corporation with a principal place of business at P.O. Box 619, Frankfort, Kentucky 40223. Buffalo Trace Distillery is responsible for the manufacture, promotion, sales, and marketing of Old Charter bourbon in the United States. Buffalo Trace Distillery authorizes the false and misleading representation about Old Charter through its officers, directors, and agents.

16. Defendant Old Charter Distillery Co. is a Kentucky corporation with a principal place of business at Leestown Pike, P.O. Box 619, Frankfort, Kentucky 40601. Old Charter Distillery advertises, promotes, distributes, and sells Old Charter bourbon to hundreds of thousands of consumers in United States. Old Charter Distillery authorizes the false and misleading representation about Old Charter through its officers, directors, and agents.

17. Defendant Sazerac Company, Inc. is a Louisiana corporation with a principal place of business at 3850 N. Causeway Blvd, Ste. 1695, Metairie, Louisiana 70002. Sazerac Company is the parent company of Buffalo Trace Distillery. Sazerac Company authorizes the false and misleading representation about Old Charter through its officers, directors, and agents.

18. At all times relevant to the allegations in this matter, each Defendant acted in concert with, with the knowledge and approval of, and/or as the agent of the other Defendants within the course and scope of the agency, regarding the acts and omissions alleged.

## JURISDICTION AND VENUE

19. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from one of the Defendants.

7

20. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants do business throughout this District.

21. All conditions precedent necessary for filing this Complaint have been satisfied and/or such conditions have been waived by the conduct of the Defendants.

## CLASS REPRESENTATION ALLEGATIONS

22. Mr. Parker seeks to represent a class defined as all persons in the United States who purchased Old Charter (the "Class"). Excluded from the Class are persons who made such purchase for purpose of resale.

23. Mr. Parker also seeks to represent a subclass defined as all Class members who purchased Old Charter in New York (the "Subclass").

24. Members of the Class and Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and Subclass number in the hundreds of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third party retailers and vendors.

25. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to whether Defendants' labeling, marketing and promotion of Old Charter is false and misleading.

26. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendants' false and misleading marketing and promotional materials and representations, purchased Old Charter, and suffered a loss as a result of that purchase.

27. Plaintiff is an adequate representative of the Class and Subclass because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

28. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Deceptive Acts Or Practices, New York Gen. Bus. Law § 349

29. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

30. Plaintiff brings this claim individually and on behalf of members of the Subclass against all Defendants.

31. By the acts and conduct alleged herein, Defendants committed unfair or deceptive acts and practices by making false representations on the labels of Old Charter.

9

32. The foregoing deceptive acts and practices were directed at consumers.

33. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the amount of time Defendants' Product has been aged for.

34. Plaintiff and members of the Subclass were injured as a result because (a) they would not have purchased Old Charter if they had known that Old Charter was aged for less than eight years, and (b) they overpaid for Old Charter because it is sold at a price premium when compared to similar products that do not contain this misrepresentation.

35. On behalf of himself and other members of the Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT II
**False Advertising, New York Gen. Bus. Law § 350**

36. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

37. Plaintiff brings this claim individually and on behalf of members of the Subclass against all Defendants.

38. Based on the foregoing, Defendants have engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting the amount of time the Product has been aged on the labeling of Old Charter.

39. The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

40. This misrepresentation has resulted in consumer injury or harm to the public interest.

41. As a result of this misrepresentation, Plaintiff and members of the Subclass have suffered economic injury because (a) they would not have purchased Old Charter if they had known that Old Charter was aged for less than eight years, and (b) they overpaid for Old Charter because it is sold at a price premium when compared to similar products that do not contain this misrepresentation.

42. On behalf of himself and other members of the Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT III
### Unjust Enrichment

43. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

44. Plaintiff brings this claim individually and on behalf of members of the Class and Subclass against all Defendants.

45. Plaintiff and Class members conferred benefits on Defendants by purchasing Old Charter.

46. Defendants have knowledge of such benefits.

47. Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' purchases of Old Charter. Retention of those moneys under these circumstances is unjust and inequitable because Defendants misrepresented that Old Charter was aged for eight years when in fact it was not.

48. Because Defendants' retention of the non-gratuitous benefits conferred on it by Plaintiff and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

## COUNT IV
### Breach of Express Warranty

49. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

50. Plaintiff brings this claim individually and on behalf of members of the Class and Subclass against Defendants.

51. In connection with the sale of Old Charter, Defendants, as the designers, manufacturers, marketers, distributors, and/or sellers issued written warranties by placing the number eight in prominent locations on the front of Old Charter's labeling and by representing that Old Charter was "gently matured for eight seasons."

52. In fact, Old Charter does not conform to the above-referenced representations because Old Charter is actually of a younger, lesser quality than represented.

53. Plaintiff and Class members were injured as a direct and proximate result of Defendants' breach because (a) they would not have purchased Old Charter if they had known that Old Charter was aged for less than eight years, and (b) they overpaid for Old Charter because it is sold at a price premium when compared to similar products that do not contain this misrepresentation.

## COUNT V
### Magnuson-Moss Warranty Act, 15 U.S.C. §§2301, *et seq.*

54. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

55. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendants.

56. Old Charter is a consumer product as defined in 15 U.S.C. § 2301(1).

57. Plaintiff and members of the proposed Class and Subclass are consumers as defined in 15 U.S.C. § 2301(3).

58. Defendants are suppliers and warrantors as defined in 15 U.S.C. § 2301(4) and (5).

59. In connection with the sale of Old Charter, Defendants issued written warranties as defined in 15 U.S.C. § 2301(6), by representing that Old Charter was aged for eight years, and by representing that Old Charter was "gently matured for eight seasons." Thus, a reasonable consumer would expect that Old Charter was aged for eight years.

60. In fact, Old Charter was not aged for eight years, and is of a younger, lesser quality than represented.

61. By reason of Defendants' breach of warranty, Defendants violated the statutory rights due to Plaintiff and members of the proposed Class and Subclass pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, thereby damaging Plaintiff and members of the proposed Class and Subclass.

62. Plaintiff and members of the proposed Class and Subclass were injured as a direct and proximate result of Defendants' breach because (a) they would not have purchased Old Charter if they had known that Old Charter was aged for less than eight years, and (b) they overpaid for Old Charter because it is sold at a price premium when compared to similar products that do not contain this misrepresentation.

63. Pursuant to 15 U.S.C. §2310(d)(1), Plaintiff and members of the proposed Class and Subclass are entitled to recover the damages caused to them by Defendants' breach of

13

written and implied warranty, which either constitutes the full purchase price of Old Charter or the difference in value between Old Charter as warranted and Old Carter as sold. In addition, pursuant to 15 U.S.C. §2310(d)(2), Plaintiff and members of the proposed Class and Subclass are entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the Court to have been reasonably incurred by Plaintiff and members of the Class and Subclass in connection with the commencement and prosecution of this action.

## COUNT VI
### Fraud

64. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

65. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendants.

66. As discussed above, Defendants misrepresented on Old Charter's labeling that it was aged for eight years.

67. The false and misleading representations and omissions were made with knowledge of their falsehood.

68. The false and misleading representations and omissions were made by Defendants, upon which Plaintiff and members of the proposed Class and Subclass reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the proposed Class and Subclass to purchase Old Charter.

69. The fraudulent actions of Defendants caused damage to Plaintiff and members of the proposed Class and Subclass, who are entitled to damages and other legal and equitable relief as a result.

14

## COUNT VII
### Negligent Misrepresentation

70. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

71. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendants.

72. As discussed above, Defendants placed the misrepresentation on the labeling of Old Charter.

73. At the time Defendants made the misrepresentation, Defendants knew or should have known that the misrepresentation was false or made it without knowledge of its truth or veracity.

74. At an absolute minimum, Defendants negligently misrepresented and/or negligently omitted material facts about the age of Old Charter.

75. The negligent misrepresentations and omissions made by Defendants, upon which Plaintiff and members of the proposed Class and Subclass reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and members of the proposed Class and Subclass to purchase Old Charter.

76. Plaintiff and members of the proposed Class and Subclass would not have purchased Old Charter if the true facts had been known.

77. The negligent actions of Defendants caused damage to Plaintiff and members of the proposed Class and Subclass, who are entitled to damages and other legal and equitable relief as a result.

# RELIEF DEMANDED

78. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

    a.    For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass members;

    b.    For an order declaring that Defendants' conduct violates the statutes referenced herein;

    c.    For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

    d.    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

    e.    For prejudgment interest on all amounts awarded;

    f.    For an order of restitution and all other forms of equitable monetary relief;

    g.    For an order enjoining Defendants from continuing the illegal practices detailed herein and compelling Defendants to undertake a corrective advertising campaign; and

    h.    For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

# JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: November 18, 2016        Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: /s/ *Yitzchak Kopel*
      Yitzchak Kopel

Scott A. Bursor
Joseph I. Marchese
Yitzchak Kopel
888 Seventh Avenue
New York, NY 10019

16

Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: scott@bursor.com
jmarchese@bursor.com
ykopel@bursor.com

*Attorneys for Plaintiff*