# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE ~~SOUTHERN~~EASTERN DISTRICT OF ~~NEW YORK~~MISSOURI**

---

~~NICHOLAS PARKER,~~STEPHEN PENROSE, JAMES THOMAS, JOSEPH GUARDINO, and DANIEL POPE on behalf of ~~himself~~themselves and all others similarly situated,

              Plaintiff~~s~~,

    v.

BUFFALO TRACE DISTILLERY, INC., OLD CHARTER DISTILLERY CO., and SAZERAC COMPANY, INC.

              Defendants.

---

**CASE NO.**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff~~s~~ ~~Nicholas Parker ("~~Stephen Penrose, James Thomas, Joseph Guardino, and Daniel Pope (collectively, "Plaintiff~~s~~"), by and through ~~his~~their attorneys, make~~s~~ the following allegations pursuant to the investigation of ~~his~~their counsel and based upon information and belief, except as to allegations specifically pertaining to ~~himself and his~~themselves and their counsel, which are based on personal knowledge, against Defendants Buffalo Trace Distillery, Inc., Old Charter Distillery Co., and Sazerac Company, Inc. (collectively, "Defendants").

~~**NATURE OF THE ACTION**~~<br>**FACTUAL ALLEGATIONS**

1. This is a class action lawsuit on behalf of purchasers of Old Charter bourbon (the "Product") in the United States.

2. Defendants represent that Old Charter is an 8-year aged bourbon. That is false and misleading. Old Charter used to be aged for 8 years, but Defendants stopped that practice in approximately January 2014. The bourbon bearing the Old Charter name is now aged for significantly less than 8 years and is of inferior quality to its former self. But in an attempt to upsell the newer, younger, and inferior product, Defendants' bottle labeling still misleads consumers to believe that the bourbon is aged 8 years.

3. The misrepresentation appears in three places on the bottle: on the neck, on its own label on the top of the body, and in the text portion which reads "gently matured for eight seasons in century old brick warehouses:"



4.      The label from before and after Defendants' switcheroo was unchanged with one minor exception. In an apparent game of "gotcha" with consumers, Defendants omitted the words "aged" and "years" from the label, but ~~continued touting the~~still repeatedly touted the now-meaningless number 8:



5.     This deceptive change fails to inform anyone that Defendants' product is now composed of cheaper and lower-quality bourbon. The number 8 is still prominently shown in the same three places on the bottle, and the label still reads "gently matured for eight seasons ...."

6.     This misrepresentation could not have occurred by accident or happenstance. The subtlety of this change evidences an intention by Defendants to deceive consumers.

~~6~~7.     It is clear that the word "seasons" unambiguously means "years." This is readily apparent from the labels of Defendants' prior ~~8-year and 10-year aged~~eight-year and ten-year Old Charter products, which claimed to be matured for "eight seasons" and "ten seasons," respectively:



~~7~~8.    ~~The above photo~~It is also ~~shows~~clear that the number ~~"~~8~~"~~ is not merely part of ~~the~~ name of the Old Charter product as the number 8 never appeared on the 10-year version of Old Charter.Old Charter's name. This is apparent from the Old Charter 10-year product, which does not include the number "8" on its labeling. Similarly, Defendants' own website refers to the Product as "Old Charter" without any reference to the number 8.[1] And the Alcohol and Tobacco

---

[1] *See* http://www.buffalotracedistillery.com/brands/old-charter (last visited Jan. 25, 2017).

Tax and Trade Bureau ("TTB") application for Old Charter's labeling likewise reads "Old Charter" under the "Brand Name" section. The number 8 does not appear in any of these places.

89.     Published reviews of Old Charter agree that quality has significantly dropped since Defendants stopped aging the bourbon for 8 years. One reviewer wrote that he had "mistakenly purchased a handle of Old Charter "8" in Louisiana thinking it was the 8 year and had then found a[n old] bottle of the 8 year [and] decided that we needed to do another comparison. See if I should still be upset at the change." After sampling both, the reviewer concluded that "for Old Charter 8 the NAS [non age-stated] release was strikingly inferior to the age-stated product."[2][1]

910.     Countless consumers have complained online of Defendants' deceiving practice.

For example, one consumer wrote:

> Several bourbons are going this route and you can argue over the reasoning as to why but it [angers me] that I bought Old Charter 8 yesterday thinking it was 8 yr [sic] old and not the new no age statement 8.[2][3]

Another wrote:

> And what's said is deceptive, very deceptive in fact . . . It's still hogwash though and deceptive . . . **because what you're really doing is selling younger whisky while pretending it's older**. [3] (emphasis added).[4]

Another wrote:

> It's one thing to have supply issues and be honest. It's another to pull the years but keep the number on the bottle to give the perception of an aged product. It's getting

---

[2][1] http://www.bourbonguy.com/blog/2014/12/23/sazerac-just-remove-the-damn-numbers-part-2-old-charter-8-vs-8-year

[3][2] https://www.reddit.com/r/bourbon/comments/2p0nrv/review_56_old_charter_8_year/

[4][3] https://www.straightbourbon.com/community/topic/22902-what-bourbon-did-you-purchase-today-spring-2015/?page=35

hard to support this companies [sic] products, very hard.~~4~~[5]

~~Another wrote:~~

> ~~Buffalo Trace/Sazerac has been extremely evasive and downright sneaky about what they're up to with dropping true age statements while craftily deceiving people by leaving numbers on the labels ...[5]~~

~~10.~~ ~~This deception~~ ~~could not have occurred by mistake or happenstance. The subtlety of the changes to the labeling make clear that Defendants intended to mislead consumers into believing that Old Charter continues to be aged for 8 years.~~

11. Despite the fact that Defendants switched the Old Charter bourbon to a younger and lower quality spirit, the price remained the same. Consumers therefore got stuck paying the premium price of an 8-year bourbon for a much lower-value product.

12. The price premium associated with age-stated bourbon is readily discernable from Defendants' pricing of their other products. For example, at Total Wine, the largest independently owned wine store in the United States, WL Weller 12 year ~~, the age-stated version of Buffalo Trace's Weller product,~~ commands a 50% price increase over WL Weller Special Reserve, the non-age-stated version of the same bourbon.[6]

13. Plaintiff~~s~~ ~~is a~~are purchaser~~s~~ of Old Charter who asserts~~s~~ claims on behalf of ~~himself~~themselves and similarly situated purchasers of Old Charter for violations of the consumer protection laws of Missouri, Florida, New York, and South Carolina, unjust

---

[5] ~~4~~ https://www.straightbourbon.com/community/topic/20960-more-age-statement-deception-by-sazerac/

[5] ~~5~~ ~~http://recenteats.blogspot.com/2014/01/sazeracs-funny-numbers.html~~

[6] *Compare* http://www.totalwine.com/search/all?text=weller+special+reserve&tab=fullcatalog (price of WL Weller Special Reserve is $16.99) *with* http://www.totalwine.com/spirits/bourbon/small-batch-bourbon/wl-weller-bourbon-12-yr/p/105505750 (price of WL Weller 12 year is $25.49).

enrichment, breach~~es~~ of express and implied warrant~~y~~ies, ~~violation of the Magnuson-Moss Warranty Act~~, fraud, and negligent misrepresentation.

## PARTIES

14. Plaintiff ~~Nicholas Parker~~Stephen Penrose is a citizen of ~~New York~~Missouri who resides in ~~New York, New York~~St. Louis, Missouri. Mr. ~~Parker~~Penrose purchased Old Charter from ~~Gramercy~~The Wine ~~& Spirits in New York, New York, in or about December~~Merchant in Clayton, Missouri, on April 4, 201~~5~~6 for approximately $~~22.99~~31.99 plus $2.76 in taxes for a total of $34.75. Prior to purchase, Mr. ~~Parker~~Penrose carefully read the Old Charter bottle's labeling, including the number eight that appears in three locations on the front of the bottle, as well as the statement that the Product is "gently matured for eight seasons." Mr. ~~Parker believed this statement~~Penrose understood this to mean that ~~the bourbon~~Old Charter was aged ~~8~~for eight years, and relied on it in that he would not have purchased Old Charter at all, or would have only been willing to pay a substantially reduced price for Old Charter had he known that this representation was false and misleading.

15. Plaintiff James Thomas is a citizen of North Carolina who resides in Statesville, North Carolina. Mr. Thomas purchased Old Charter from ABC Fine Wine & Spirits in DeLand, Florida, on November 18, 2016 for $31.99. Prior to purchase, Mr. Thomas carefully read the Old Charter bottle's labeling, including the number eight that appears in three locations on the front of the bottle, as well as the statement that the Product is "gently matured for eight seasons." Mr. Thomas understood this to mean that Old Charter was aged for eight years, and relied on it in that he would not have purchased Old Charter at all, or would have only been willing to pay a substantially reduced price for Old Charter had he known that this representation was false and misleading.

16. Plaintiff Joseph Guardino is a citizen of New York who resides in Staten Island,

New York. Mr. Guardino purchased Old Charter from Gramercy Wine & Spirits in New York, New York, in or about November 2015 for approximately $22.99. Prior to purchase, Mr. Guardino carefully read the Old Charter bottle's labeling, including the number eight that appears in three locations on the front of the bottle, as well as the statement that the Product is "gently matured for eight seasons." Mr. Guardino understood this to mean that Old Charter was aged for eight years, and relied on it in that he would not have purchased Old Charter at all, or would have only been willing to pay a substantially reduced price for Old Charter had he known that this representation was false and misleading.

17.     Plaintiff Daniel Pope is a citizen of South Carolina who resides in Woodruff, South Carolina. Mr. Pope purchased two Old Charter bottles from Pelham Road Party Shop in South Carolina for approximately $19.99 each. Prior to purchase, Mr. Pope carefully read the Old Charter bottle's labeling, including the number eight that appears in three locations on the front of the bottle, as well as the statement that the Product is "gently matured for eight seasons." Mr. Pope understood this to mean that Old Charter was aged for eight years, and relied on it in that he would not have purchased Old Charter at all, or would have only been willing to pay a substantially reduced price for Old Charter had he known that this representation was false and misleading.

~~15~~18.   Defendant Buffalo Trace Distillery, Inc. is a Kentucky corporation with a principal place of business ~~at P.O. Box 619,~~in Frankfort, Kentucky ~~40223~~. Buffalo Trace Distillery is responsible for the manufacture, promotion, sales, and marketing of Old Charter bourbon in the United States. Buffalo Trace Distillery authorizes the false and misleading representation about Old Charter through its officers, directors, and agents.

~~16~~19.   Defendant Old Charter Distillery Co. is a Kentucky corporation with a principal

place of business ~~at Leestown Pike, P.O. Box 619,~~in Frankfort, Kentucky ~~40601~~. Old Charter Distillery advertises, promotes, distributes, and sells Old Charter bourbon to hundreds of thousands of consumers in United States. Old Charter Distillery authorizes the false and misleading representation about Old Charter through its officers, directors, and agents.

~~17~~20.  Defendant Sazerac Company, Inc. is a Louisiana corporation with a principal place of business at 3850 N. Causeway Blvd, Ste. 1695, Metairie, Louisiana 70002. Sazerac Company is the parent company of Buffalo Trace Distillery. Sazerac Company authorizes the false and misleading representation about Old Charter through its officers, directors, and agents.

~~18~~21.  At all times relevant to the allegations in this matter, each Defendant acted in concert with, with the knowledge and approval of, and/or as the agent of the other Defendants within the course and scope of the agency, regarding the acts and omissions alleged.

## JURISDICTION AND VENUE

~~19~~22.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from one of the Defendants.

~~20~~23.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants do business throughout this District.

~~21~~24.  All conditions precedent necessary for filing this Complaint have been satisfied and/or such conditions have been waived by the conduct of the Defendants.

## CLASS ~~REPRESENTATION~~ACTION ALLEGATIONS

~~22~~25.  ~~Mr. Parker~~Plaintiffs seek~~s~~ to represent a class defined as all persons in the United States who purchased Old Charter from January 1, 2015 to present (the "Class"). Excluded from the Class are persons who made such purchase for purpose of resale.

26.     Mr. Penrose also seeks to represent a subclass defined as all Class members who purchased Old Charter in the state of Missouri (the "Missouri Subclass").

27.     Mr. Thomas also seeks to represent a subclass defined as all Class members who purchased Old Charter in the state of Florida (the "Florida Subclass").

~~23~~28.    Mr. ~~Parker~~Guardino also seeks to represent a subclass defined as all Class members who purchased Old Charter in the state of New York (the "New York Subclass").

29.     Mr. Pope also seeks to represent a subclass defined as all Class members who purchased Old Charter in the state of South Carolina (the "South Carolina Subclass").

~~24~~30.    Members of the Class and Subclass~~es~~ are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and Subclass~~es~~ number in the hundreds of thousands. The precise number of Class members and their identities are unknown to Plaintiff~~s~~ at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third party retailers and vendors.

~~25~~31.    Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to whether Defendants' labeling, marketing and promotion of Old Charter is false and misleading.

~~26~~32.    The claims of the named Plaintiff~~s~~ are typical of the claims of the Class in that the named Plaintiff~~s~~ ~~was~~were exposed to Defendants' false and misleading marketing and promotional materials and representations, purchased Old Charter, and suffered a loss as a result of that purchase.

~~27~~33.    Plaintiff~~s~~ ~~is an~~are adequate representative~~s~~ of the Class and Subclass~~es~~ because

~~his~~their interests do not conflict with the interests of the Class members ~~he~~they seek~~s~~ to represent, ~~he has~~they have retained competent counsel experienced in prosecuting class actions, and ~~he~~they intend~~s~~ to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiffs and ~~his~~their counsel.

~~28~~34.   The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**

**Violation of Missouri Merchandising Practices Act (Mo. Rev. Stat. § 407)**

35.   Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

36.   Plaintiff Penrose brings this claim individually and on behalf of the Missouri Subclass against all Defendants.

37.   The conduct of Defendants as set for herein constitutes unfair or deceptive acts or practices, including, but not limited to, Defendants' manufacture and sale of Old Charter that is of a significantly younger and lesser quality than represented, which Defendants failed to

adequately investigate, disclose, and remedy these misrepresentations.

38. Defendants' actions as set forth above occurred in the conduct of trade or commerce.

39. Defendants' actions impact the public interest because Plaintiff Penrose was injured in exactly the same way as thousands of others purchasing Old Charter as a result of Defendants' generalized course of deception. All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendants' business.

40. Plaintiff Penrose and the Missouri Subclass were injured as a result of Defendants' conduct. Plaintiff Penrose did not receive the benefit of his bargain in that Old Charter is of a significantly younger and lesser quality than represented.

41. Defendants' conduct proximately caused the injured to Plaintiff Penrose and the Missouri Subclass.

42. Defendants are liable to Plaintiff Penrose and the Missouri Subclass for damages in amounts to be proven at trial, including attorneys' fees, costs, and damages.

## Count II

### Deceptive Acts Or Practices, New York Gen. Bus. Law § 349

2943. Plaintiffs incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

3044. Plaintiff Guardino brings this claim individually and on behalf of members of the New York Subclass against all Defendants.

3145. By the acts and conduct alleged herein, Defendants committed unfair or deceptive acts and practices by making false representations on the labels of Old Charter.

3246. The foregoing deceptive acts and practices were directed at consumers.

3347. The foregoing deceptive acts and practices are misleading in a material way

because they fundamentally misrepresent the amount of time Defendants' Product has been aged for.

~~34~~48.   Plaintiff Guardino and members of the New York Subclass were injured as a result because (a) they would not have purchased Old Charter if they had known that Old Charter was aged for less than eight years, and (b) they overpaid for Old Charter because it is sold at a price premium when compared to similar products that do not contain this misrepresentation.

~~35~~49.   On behalf of himself and other members of the New York Subclass, Plaintiff Guardino seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## <u>COUNT III</u>
### False Advertising, New York Gen. Bus. Law § 350

~~36~~50.   Plaintiff~~s~~ incorporate~~s~~ by reference and re-allege~~s~~ each and every allegation set forth above as though fully set forth herein.

~~37~~51.   Plaintiff Guardino brings this claim individually and on behalf of members of the New York Subclass against all Defendants.

~~38~~52.   Based on the foregoing, Defendants have engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting the amount of time the Product has been aged on the labeling of Old Charter.

~~39~~53.   The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

~~40~~54.   This misrepresentation has resulted in consumer injury or harm to the public interest.

4155.   As a result of this misrepresentation, Plaintiff Guardino and members of the New York Subclass have suffered economic injury because (a) they would not have purchased Old Charter if they had known that Old Charter was aged for less than eight years, and (b) they overpaid for Old Charter because it is sold at a price premium when compared to similar products that do not contain this misrepresentation.

4256.   On behalf of himself and other members of the New York Subclass, Plaintiff Guardino seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT IIIIV
### Unjust Enrichment

4357.   Plaintiffs incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

4458.   Plaintiffs brings this claim individually and on behalf of members of the Class and Subclasses against all Defendants.

4559.   Plaintiffs and Class members conferred benefits on Defendants by purchasing Old Charter.

4660.   Defendants have knowledge of such benefits.

4761.   Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff's' and Class members' purchases of Old Charter. Retention of those moneys under these circumstances is unjust and inequitable because Defendants misrepresented that Old Charter was aged for eight years when in fact it was not.

4862.   Because Defendants' retention of the non-gratuitous benefits conferred on itthem by Plaintiffs and Class members is unjust and inequitable, Defendants must pay restitution to

Plaintiffs and the Class members for their unjust enrichment, as ordered by the Court.

<b>COUNT ~~IV~~V</b><br><b>Breach of Express Warranty</b>

~~49~~63.   Plaintiff~~s~~ incorporate~~s~~ by reference and re-allege~~s~~ each and every allegation set forth above as though fully set forth herein.

~~50~~64.   Plaintiff~~s~~ bring~~s~~ this claim individually and on behalf of members of the Class and  Subclass~~es~~ against Defendants.

~~51~~65.   In connection with the sale of Old Charter, Defendants, as the designers, manufacturers, marketers, distributors, and/or sellers issued written warranties by placing the number eight in prominent locations on the front of Old Charter's labeling and by representing that Old Charter was "gently matured for eight seasons."

~~52~~66.   In fact, Old Charter does not conform to the above-referenced representations because Old Charter is actually of a younger, lesser quality than represented.

~~53~~67.   Plaintiff~~s~~ and Class members were injured as a direct and proximate result of Defendants' breach because (a) they would not have purchased Old Charter if they had known that Old Charter was aged for less than eight years, and (b) they overpaid for Old Charter because it is sold at a price premium when compared to similar products that do not contain this misrepresentation.

68.      On or about December 19, 2016, prior to filing this action, a notice letter was served on Defendants which complies in all respects with UCC 2-607(3)(a). Plaintiffs sent Defendants a letter via certified mail advising them that they are in violation of the causes of action asserted herein, including but not limited to UCC 2-714 and demanding that they cease and desist from such violations and make full restitution by refunding the monies received therefrom. A true and correct copy of the notice letter is attached hereto as Exhibit A.

**COUNT ~~V~~VI**
**Magnuson-Moss Warranty Act, 15 U.S.C. §§2301,** *et seq.*

~~54~~69.  Plaintiff~~s~~ incorporate~~s~~ by reference and re-allege~~s~~ each and every allegation set forth above as though fully set forth herein.

~~55~~70.  Plaintiff~~s~~ brings~~s~~ this claim individually and on behalf of the members of the proposed Class and Subclass~~es~~ against Defendants.

~~56~~71.  Old Charter is a consumer product as defined in 15 U.S.C. § 2301(1).

~~57~~72.  Plaintiff~~s~~ and members of the proposed Class and Subclass~~es~~ are consumers as defined in 15 U.S.C. § 2301(3).

~~58~~73.  Defendants are suppliers and warrantors as defined in 15 U.S.C. § 2301(4) and (5).

~~59~~74.  In connection with the sale of Old Charter, Defendants issued written warranties as defined in 15 U.S.C. § 2301(6), by representing that Old Charter was aged for eight years, and by representing that Old Charter was "gently matured for eight seasons." Thus, a reasonable consumer would expect that Old Charter was aged for eight years.

~~60~~75.  In fact, Old Charter was not aged for eight years, and is of a younger, lesser quality than represented.

~~61~~76.  By reason of Defendants' breach of warranty, Defendants violated the statutory rights due to Plaintiff~~s~~ and members of the proposed Class and Subclass~~es~~ pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, thereby damaging Plaintiff~~s~~ and members of the proposed Class and Subclass~~es~~.

~~62~~77.  Plaintiff~~s~~ and members of the proposed Class and Subclass~~es~~ were injured as a direct and proximate result of Defendants' breach because (a) they would not have purchased Old Charter if they had known that Old Charter was aged for less than eight years, and (b) they

overpaid for Old Charter because it is sold at a price premium when compared to similar products that do not contain this misrepresentation.

6378.   Pursuant to 15 U.S.C. §2310(d)(1), Plaintiffs and members of the proposed Class and Subclasses are entitled to recover the damages caused to them by Defendants' breach of written and implied warrantyies, which either constitutes the full purchase price of Old Charter or the difference in value between Old Charter as warranted and Old Carter as sold. In addition, pursuant to 15 U.S.C. §2310(d)(2), Plaintiffs and members of the proposed Class and Subclasses are entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the Court to have been reasonably incurred by Plaintiffs and members of the Class and Subclasses in connection with the commencement and prosecution of this action.

**COUNT VI**
**Fraud**
**COUNT VII**
**Breach of Implied Warranty of Merchantability**

79.   Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

80.   Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclasses.

81.   Defendants, as the designers, manufacturers, distributors, and sellers, impliedly warranted that Old Charter was aged for eight years. Defendants did so with the intent to induce Plaintiffs and members of the proposed Class and Subclasses to purchase Old Charter.

82.   Defendants breached their implied warranty because Old Charter is not aged eight years, and is instead of a younger, lesser quality.

83.   Plaintiffs and members of the proposed Class and Subclasses purchased Old

Charter in reliance upon Defendants' skill and judgment in properly packaging and labeling Old Charter.

84.     Neither Plaintiffs nor the members of the proposed Class and Subclasses altered Old Charter after purchase.

85.     Plaintiffs and Class members were injured as a direct and proximate result of Defendants' breach because (a) they would not have purchased Old Charter if they had known that Old Charter was aged for less than eight years, and (b) they overpaid for Old Charter because it is sold at a price premium when compared to similar products that do not contain this misrepresentation.

## COUNT VIII
## Fraud

~~64~~86.   Plaintiff~~s~~ hereby incorporate~~s~~ by reference and re-allege~~s~~ each and every allegation set forth above as though fully set forth herein.

~~65~~87.   Plaintiff~~s~~ bring~~s~~ this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendants.

~~66~~88.   As discussed above, Defendants misrepresented on Old Charter's labeling that it was aged for eight years.

~~67~~89.   The false and misleading representations and omissions were made with knowledge of their falsehood.

~~68~~90.   The false and misleading representations and omissions were made by Defendants, upon which Plaintiff~~s~~ and members of the proposed Class and Subclasses reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff~~s~~ and members of the proposed Class and Subclasses to purchase Old Charter.

~~69~~91.   The fraudulent actions of Defendants caused damage to Plaintiff~~s~~ and members of

the proposed Class and Subclasses, who are entitled to damages and other legal and equitable relief as a result.

## COUNT ~~VIII~~IX
### Negligent Misrepresentation

~~70~~92.   Plaintiffs hereby incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

~~71~~93.   Plaintiffs brings this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendants.

~~72~~94.   As discussed above, Defendants placed the misrepresentation on the labeling of Old Charter in the course of their business.

~~73~~95.   At the time Defendants made the misrepresentation, Defendants knew or should have known that the misrepresentation was false or made it without knowledge of its truth or veracity.

~~74~~96.   At an absolute minimum, Defendants negligently misrepresented and/or negligently omitted material facts about the age of Old Charter.

~~75~~97.   The negligent misrepresentations and omissions made by Defendants, upon which Plaintiff and members of the proposed Class and Subclass reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and members of the proposed Class and ~~Subclass~~ Subclasses to purchase Old Charter.

~~76.~~98.   Plaintiffs and members of the proposed Class and Subclasses relied on Defendants' misrepresentation concerning Old Charter and ~~Plaintiff and members of the proposed Class and Subclass~~ would not have purchased Old Charter if the true facts had been known.

~~77.~~99.   The negligent actions of Defendants caused ~~damage~~ pecuniary loss to

Plaintiffs and ~~to Plaintiff and~~ members of the proposed Class and Subclasses, who are entitled to damages and other legal and equitable relief as a result.

**COUNT X**

**Violation of Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. §§ 501.201, *et seq.*)**

100. Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

101. Plaintiff Thomas brings this claim individually and on behalf of members of the Florida Subclass against all Defendants.

102. This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* ("FDUTPA"). The express purpose of FDUTPA is to "protect the consuming public...from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

103. Plaintiff Thomas and members of the Florida Subclass are "consumers" within the meaning of Fla. Stat. § 501.203(7).

104. Defendants were engaged in "trade or commerce" as defined by Fla. Stat. § 501.203(8).

105. The sale of Old Charter constituted "consumer transactions" within the scope of the Fla. Stat. §§ 501.201 to 501.213.

106. Fla. Stat. § 501.204(1) declares unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

107. Fla. Stat. § 501.204(2) states that "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to

[section] 5(a)(1) of the Federal Trade Commission Act." Defendants' unfair and deceptive practices are likely to mislead – and have misled – the consumer acting reasonably in the circumstances, and violate Fla. Stat. § 501.204 and 21 U.S.C. § 352.

108.     Defendants have violated the FDUTPA by engaging in the unfair and deceptive practices as described herein which offend public policies and are immoral, unethical, unscrupulous, and substantially injurious to consumers, by making the express misrepresentations about Old Charter and by engaging in the trade or commerce of selling Old Charter while tricking consumers into thinking the Product is aged for eight years when in fact it is of a younger, lesser quality.

109. Plaintiff Thomas and members of the Florida Subclass have been aggrieved by Defendants' unfair and deceptive practices in that they paid for Old Charter, a bourbon of significantly younger and lesser quality than represented, which they would not have purchased had they known the true facts.

110. The damages suffered by Plaintiff Thomas and members the Florida Subclass were directly and proximately caused by the deceptive, misleading, and unfair practices of Defendants.

111. Pursuant to Fla. Stat. § 501.211(1), Plaintiff Thomas and members of the Florida Subclass seek a declaratory judgment and court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

112. Additionally, pursuant to Fla. Stat. §§ 501.211(2) and 501.2105, Plaintiff Thomas and members of the Florida Subclass make claims for injunctive relief, damages, and attorneys' fees and costs.

**COUNT XI**
**Violation of the South Carolina Unfair Trade Practices Act (S.C. Code. Ann. § 39-5-10,**
**_et seq._)**

113. Plaintiffs incorporate by reference and re-allege each and every allegation set forth

above as though fully set forth herein.

114. Plaintiff Pope brings this claim individually and on behalf of members of the South Carolina Subclass against all Defendants.

115. Defendants have repeatedly and willfully engaged in unfair and deceptive acts and practices in the conduct of trade or commerce within the meaning of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-10, *et seq.*

116. In particular, Defendants' misrepresentations on the labeling of Old Charter about the Product's age are deceptive and/or unfair acts or practices prohibited by the SCUTPA.

117. Defendants' intent is evidenced by its switcheroo of the Product's labeling, by removing "aged" and "years" from the Product's labeling but leaving the prominent number "8" in three locations on the Product, including the representation that Old Charter is "gently matured for eight seasons."

118. Defendants continued to make these misrepresentations, and continue to make these representations, after Defendants knew their Product was no longer aged for eight years and that consumers were being confused and mislead by Defendants' misrepresentations.

119. Plaintiff Pope and members of the South Carolina Subclass justifiably relied on the misrepresentations and omissions to their detriment by purchasing Old Charter after seeing the Product, which bore the above-referenced misrepresentations.

120. Indeed, Defendants made no attempt to inform consumers that Old Charter was not aged for eight years and was instead of a younger, lesser quality.

121. Defendants' violations of SCUTPA occurred in the ordinary course of business, affect the public concern, and are capable of repetition.

122. Defendants' actions are a willful and knowing violation of § 39-5-10 *et seq.*, with

disregard for the rights of Plaintiff Pope and the public interest.

123. As a direct and proximate result of the foregoing, Plaintiff Pope and members of the South Carolina Subclass have been damaged in an amount to be determined at trial.

124. Because Defendants' knowingly and willfully engaged in unfair and deceptive acts and practices, which proximately caused injury to Plaintiff Pope and members of the South Carolina Subclass, Plaintiff Pope and members of the South Carolina Subclass are entitled to recover treble damages, attorney fees, and costs pursuant to SCUTPA, S.C. Code Ann. § 39-5-140 (2006).

## RELIEF DEMANDED

~~78~~125. WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a. For an order certifying the nationwide Class and the Subclasses under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Subclasses and Plaintiff's' attorneys as Class Counsel to represent members of the Class and Subclasses members;

b. For an order declaring that Defendants' conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiffs, the nationwide Class, and the Subclasses on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For an order enjoining Defendants from continuing the illegal practices detailed herein and compelling Defendants to undertake a corrective advertising campaign; and

h. For an order awarding Plaintiffs and the Class and Subclasses their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff~~s~~ demand~~s~~ a trial by jury on all claims so triable.


Dated: ~~November 18~~January 27, 201~~6~~7                    Respectfully submitted,

                                                              **BURSOR & FISHER, P.A.**

                                                              By:          */s/ Yitzchak Kopel*
                                                              Yitzchak Kopel

                                                              ~~Scott A. Bursor~~
                                                              ~~Joseph I. Marchese~~
                                                              Yitzchak Kopel
                                                              888 Seventh Avenue
                                                              New York, NY 10019
                                                              Tel: (646) 837-7150
                                                              Fax: (212) 989-9163
                                                              E-Mail: ~~scott~~ykopel@bursor.com
                                                              ~~jmarchese@bursor.com~~
                                                              ~~ykopel@bursor.com~~

                                                              *Attorneys for Plaintiffs*