UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN PENROSE, JAMES THOMAS, JOSEPH GUARDINO, and DANIEL POPE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> BUFFALO TRACE DISTILLERY, INC., OLD CHARTER DISTILLERY CO. and SAZERAC COMPANY, INC., <br><br> Defendants. | Case No. 4:17cv294 HEA |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Transfer Venue to the Western District of Kentucky, [Doc. No. 17]. Plaintiffs oppose the Motion. For the reasons set forth below, the Motion is denied.

Plaintiff filed this putative class action based on alleged violations of various state consumer protection laws. The Court's jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332(d). Defendants seek to transfer venue to the Western District of Kentucky pursuant to 28 U.S.C. § 1404(a). Because Plaintiffs' choice of venue is entitled to considerable deference, and Defendants have not met their burden of showing the convenience of the parties and witnesses and the interest of

justice strongly favor transfer to the Western District of Kentucky, the Court will deny the motion.

## Facts and Background

Plaintiffs claim in this putative nationwide class action Defendants misrepresented that Old Charter bourbon has been aged 8 years through implication because the number 8 remains on its bottles. Previously, the bottles stated that the bourbon had been aged 8 years. The current bottles no longer state that the bourbon is "aged" 8 "years," rather, the bottles just contains the number 8 in the same location as the old bottles.

Plaintiffs claim they were misled to believe that because the number 8 was still on the bottles, the bourbon continued to be aged 8 years. They claim Defendants purposely left the number 8 in the same location on the bottles to lead consumers to believe the bourbon had been aged 8 years when in fact, the bourbon is no longer aged for 8 years.

## Discussion

**Standard of Review**

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which provides that "a district court may transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, [and] in the interests of justice." The purpose of section 1404(a) is to
2

"prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

When deciding a motion to transfer under section 1404(a), the Court considers three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). These factors merit "individualized, case-by-case consideration," in which courts "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). To prevail, the moving party must demonstrate the balance of the factors "strongly favors" transfer. *See, e.g.*, *Burks v. Abbott Labs.*, No. 08–3414, 2008 WL 4838720, at *1 (D. Minn. Nov. 5, 2008) (quoting *Brockman v. Sun Valley Resorts, Inc.*, 923 F. Supp. 1176, 1179 (D. Minn. 1996)). "The Eighth Circuit has declined to offer an 'exhaustive list of specific factors to consider' in making the transfer decision and has directed the courts to weigh any 'case-specific factors' relevant to convenience and fairness to determine whether transfer is warranted. *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (internal citation omitted). The party requesting transfer has the burden to show that the balance of these factors favors it. *Dube v. Wyeth LLC*, 943 F. Supp. 2d 1004, 1007 (E.D. Mo. 2013) (citing *Moretti v. Wyeth*, No. 07–CV–3920 DWF–SRN, 2008 WL 732497 at *1 (D. Minn. March 17, 2008))."

*Christenson v. Citimorgage, Inc.*, No. 4:16-CV-1142 (CEJ), 2016 WL 7230432, at *2 (E.D. Mo. Dec. 14, 2016).

"Ultimately, the decision to transfer a case is committed to the discretion of the district court." *Luckey v. Alside, Inc.*, No. 15–2512, 2016 WL 1559569, at *4 (D. Minn. Apr. 18, 2016) (quoting *Jacques v. Dakota, Minn. & E. R.R. Corp.*, No. 07–248, 2008 WL 835651, at *1 (D. Minn. Mar. 27, 2008)).

Here, the parties agree Plaintiffs could have brought this action in the Western District of Kentucky. The motion, thus, turns on whether Defendants have met their burden of showing the balance of the section 1404(a) factors strongly favor transfer.

## Motion to Transfer Venue

**Deference to Plaintiffs' Choice of Forum**

Both the convenience and interest of justice factors require consideration of Plaintiffs' choice of forum. *Luckey*, 2016 WL 1559569, at *4; *Howard v. Judge Law Firm*, No. 09–1644, 2010 WL 2985686, at *4 (D. Minn. July 26, 2010). "In general, federal courts give considerable deference to a plaintiff's choice of forum." *Terra Int'l, Inc.*, 119 F.3d at 695.

One of the representative Plaintiffs, Stephen Penrose, is a citizen of Missouri. Penrose has purchased the subject bourbon in Missouri. The other representative Plaintiffs are citizens of North Carolina, New York and South

Carolina. No plaintiff is from Kentucky. Defendants Buffalo Trace and Old Charter Distillery Co are Kentucky corporations. Defendant Sazerac Company, Inc. is a Louisiana corporation. It is alleged that Defendants sell the subject bourbon nationwide.

Defendants argue that all plaintiffs, except Penrose will not be inconvenienced by litigating in Kentucky over Missouri, since none of the other plaintiffs are located in Missouri. This argument, however, fails to acknowledge that the out of Missouri Plaintiffs *chose* to litigate this action in Missouri; Defendants' argument therefore appears to be their speculation and is not based in any concrete evidence. The Court is not at liberty to order transfer based upon the proposed transferee forum being more convenient to one party at the expense of the opposing party. Section 1404(a) allows or transfer to a **more** convenient forum, not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). *Christenson,* 2016 WL 7230432, at *3.

**Convenience of the Parties and Witnesses**

The Court must next consider the convenience of Plaintiffs' chosen forum. When examining convenience, the Court considers: "(1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of

witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." *Terra Int'l, Inc.*, 119 F.3d at 696).

Defendants argue venue in the Western District of Kentucky would convenience both parties because the majority of the evidence and witnesses are in Kentucky. Defendants argue venue should be transferred to the Western District of Kentucky because most of their witnesses are located in Kentucky. Plaintiffs argue that because most of the witnesses are employees of Defendants, they could be brought to Missouri by Defendants, and/or could provide testimony via depositions. "[T]he Court can assume that [employee witnesses] 'will appear voluntarily in a foreign forum.'" *Luckey*, 2016 WL 1559569, at *5 (quoting *Austin v. Nestle USA, Inc.*, 677 F. Supp. 2d 1134, 1138 (D. Minn. 2009)).

The parties have not identified any non-party witnesses that would be required to travel to Missouri or provide deposition testimony. Thus, the convenience of the witnesses weighs in favor Plaintiffs at this point. For these reasons, the Court finds that Defendants have not shown the convenience of the parties and witnesses strongly favors transfer.

Likewise, although Defendants' corporate offices are located in Kentucky, there is no dispute that the records which will be needed in this action are stored

electronically, and therefore this aspect of the analysis neither favors nor detracts from a finding of transfer. The parties can exchange discovery through electronic means, thereby eliminating any inconvenience which may have, in a previous time, been a significant factor in the analysis.

**Interests of Justice**

The Court must also consider whether transferring venue would promote the interests of justice. When examining the interests of justice, "courts generally consider (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Howard*, 2010 WL 2985686, at *4.

Although Defendants argue that Plaintiffs appear to be forum shopping, the Court does not reach the same conclusion. While counsel may represent other plaintiffs in other jurisdictions, none of the plaintiffs in *this* action are involved in the other cases. As such, the Court cannot make any assumptions regarding forum shopping based on counsels other lawsuits.

With regard to the other factors to consider in the interests of justice inquiry, the Court concludes that neither party has presented any compelling reason the

interests of justice would not be served in either federal court. As such, the Court concludes that there are no factors that *strongly* favor transfer.

**Balance of the Factors**

The Court, in its discretion, denies the motion to transfer. Plaintiffs' choice of venue is entitled to deference, and Defendants have not met their burden of showing the convenience of the parties and witnesses and the interest of justice strongly favor transfer.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Transfer Venue [Docket No. 17] is **DENIED**.

Dated this 30th day of May, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE