## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEPHEN PENROSE, JAMES THOMAS, JOSEPH GUARDINO, and DANIEL POPE on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>    v.<br><br>BUFFALO TRACE DISTILLERY, INC., OLD CHARTER DISTILLERY CO., and SAZERAC COMPANY, INC.<br><br>                    Defendants. | CASE NO.  4:17-cv-00294-HEA |

## JOINT PROPOSED SCHEDULING PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's February 7, 2018 Order Setting Rule 16 Conference (ECF No. 35), an initial conference of the parties was held between counsel for Plaintiffs Stephen Penrose, James Thomas, Joseph Guardino, and Daniel Pope (collectively, "Plaintiffs") and counsel for Defendants Buffalo Trace Distillery, Inc., Old Charter Distillery Co., and Sazerac Company, Inc. (collectively, "Defendants").  The parties met by and through counsel to discuss the claims, defenses, discovery, potential for settlement of this suit prior to jointly executing this proposed scheduling plan, and all other matters set forth in the Court's February 7, 2018 Order.  Plaintiffs and Defendants submit the following Joint Proposed Scheduling Plan.

### A.    Nature and Basis of the Parties' Claims and Defenses.

Plaintiffs brought this putative nationwide class action based on allegations that Defendants misrepresented that Old Charter bourbon has been "aged 8 years."  Plaintiffs' Complaint asserts claims for violation of the Missouri Merchandising Practices Act (Count I), Deceptive Acts or Practices, New York Gen. Bus. Law § 349 (Count II), False Advertising, New York Gen. Bus.

1.

Law § 350 (Count III), Unjust Enrichment (Count IV), Breach of Express Warranty (Count V), Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* (Count VI), Breach of Implied Warranty of Merchantability (Count VII), Fraud (Count VIII), Negligent Misrepresentation (Count IX), Violation of Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* (Count X), and Violation of the South Carolina Unfair Trade Practices Act, S.C. Code. Ann. § 39-5-10 (Count XI).   Plaintiffs' Complaint seeks compensatory damages, punitive damages, injunctive relief, attorneys' fees, and expenses and costs.

On February 5, 2018, the Court granted in part and denied in part Defendants' Motion to Dismiss, dismissing Counts VI, VII, and IX and Plaintiffs' prayer for injunctive relief.

On February 20, 2018, Defendants filed an Answer to the Complaint, that *inter alia,* denied that Plaintiffs' allegations have any merit, denied that this action is appropriate for class treatment, denied that Plaintiffs are entitled to any of the relief they requested, and asserted multiple affirmative defenses.

### B.   Track Assignment.

The parties believe that this case should be assigned to Track 3 due to the fact that it is pled as a nationwide class action.

### C.   Scheduling and Discovery Plan.

The Parties believe that the Court should consider Plaintiffs' motion for class certification before setting deadlines associated with fact discovery, expert discovery, summary judgment, trial, *etc*.  To address any such deadlines, the Parties propose that a further case management conference be scheduled to occur after this Court issues an order on Plaintiffs' forthcoming class certification motion, at which time the Court can set deadlines taking into account the result of the motion for class certification.  In line with this proposal, the Parties propose the following:

## 1.      Amendments and Joinder of Additional Parties.

The parties propose that joinder of additional parties or amendments to pleadings must be made on or before June 1, 2018.

## 2.      Initial Disclosures.

The Parties will exchange initial disclosures on March 1, 2018.

## 3.      Protective Order Governing Use of Confidential Information.

The Parties shall submit a proposed Protective Order Governing Use of Confidential Information to the Court by March 16, 2018.  The Parties anticipate that the Protective Order will address the inadvertent production of privileged or otherwise protected material under Fed. R. Evid. 502.

## 4.      Electronically Stored Information (ESI).

The parties anticipate that they may enter into a stipulation governing ESI, including the forms in which it should be produced.  The Parties anticipate that most ESI should be produced in text-searchable TIFF or PDF format, except when doing so is not practicable, and that large Excel spreadsheets should be produced in native format.

## 5.      Production of Documents in Response to Plaintiffs' First Set of Requests for the Production of Documents.

Plaintiffs propose a deadline of June 22, 2018 for substantial completion of the production of documents in response to the parties' first set of Requests for the Production of Documents.

Defendants object to the setting of June 22, 2018 as a deadline for the substantial completion of their production of documents in response to the parties' first set of Requests for the Production of Documents.  As an initial matter, given that this is a class action, the burden of complying with such a deadline falls principally on Defendants.  Moreover, Plaintiffs only served Defendants with the first set of Requests for the Production of Documents after close of business on February 21, 2018.  As such, Defendants have not had sufficient time to analyze the requests

and predict the volume of documents being sought, much less the amount of time it will take to locate, review and produce such documents.  Moreover, without having been served with such requests prior to close of business on February 21, 2018, Defendants cannot yet state whether— and if so, to what extent—any of the requests are objectionable and/or might require motion practice.  Finally, a deadline of June 22, 2018 is unnecessary and premature given that the proposed deadline for Plaintiffs to move for class certification is seven months later.

**6.      Limits on Discovery.**

The Parties do not currently anticipate the need for changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure.  However, the Parties reserve the right to request additional discovery in the future if necessary or appropriate.

**7.      Class Certification and Class Certification Experts.**

Plaintiffs shall file their motion for class certification on or before February 28, 2019.  The Parties shall thereafter meet and confer about a schedule for depositions of any experts Plaintiffs' used to support their motion for class certification as well as the schedule for the filing of Defendants' opposition brief to Plaintiffs' motion for class certification.  The Parties shall also discuss a schedule for depositions of any experts Defendants may use to oppose Plaintiffs' motion for class certification as well as the schedule for the filing of Plaintiffs' reply brief.  If Plaintiffs use an expert to support their motion for class certification, in no event shall any such schedule require the filing of an opposition brief by Defendants in less than six (6) weeks.

**D.      Parties' Position Regarding Alternative Dispute Resolution (ADR).**

The Parties propose that the deadline for conducting an ADR session be set at the post-class certification case management conference.  To the extent the Parties believe it could be fruitful to conduct settlement negotiations before then, they will meet and confer about selecting a private neutral and setting a date for such private mediation.

**E.     Participants for Telephonic Conference on March 1, 2018, at 11:00 a.m.**

| PLAINTIFFS' COUNSEL: | DEFENDANTS' COUNSEL: |
|---|---|
| Yitzchak Kopel | Michelle Doolin |
| **Bursor & Fisher, P.A.** | Darcie Tilly |
| (646) 837-7150 | **Cooley LLP** |
| | (858) 550-6037 |

**F.     Additional Matters.**

At this time, counsel for the Parties have deemed no other matters appropriate for inclusion in this Joint Proposed Scheduling Plan.

*****************************************************************************

WHEREFORE, the Parties respectfully request that the Court enter the schedule and other orders set forth herein.

Dated:  February 22, 2018

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:          */s/ Yitzchak Kopel*
                    Yitzchak Kopel

Yitzchak Kopel
888 Seventh Avenue
New York, NY 10019
Tel:  (646) 837-7150
Fax: (212) 989-9163
E-Mail:  ykopel@bursor.com

*Attorneys for Plaintiffs*

Dated:  February 22, 2018

Respectfully submitted,

By:          */s/ Michelle C. Doolin*
                    Michelle C. Doolin

**THOMPSON COBURN LLP**
William R. Bay
(wbay@thompsoncoburn.com)
One US Bank Plaza
St. Louis, Missouri 63101
Phone: (314) 552-6008

**COOLEY LLP**
Michelle C. Doolin *pro hac vice*
(mdoolin@cooley.com)
Darcie A. Tilly *pro hac vice*
(dtilly@cooley.com)

4401 Eastgate Mall
San Diego, CA 92121
Phone: (858) 550-6000

*Attorneys for Defendants Buffalo Trace
Distillery, Inc., Old Charter Distillery
Co., and Sazerac Company, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of February, 2018, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which in turn forwarded notification of same to all counsel of record in these proceedings.


*/s/ Michelle C. Doolin_____*