IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

STEPHEN PENROSE, JAMES
THOMAS, JOSEPH GUARDINO, and
DANIEL POPE on behalf of themselves
and all others similarly situated,

              Plaintiffs,

      v.

BUFFALO TRACE DISTILLERY, INC.,
OLD CHARTER DISTILLERY CO., and
SAZERAC COMPANY, INC.

             Defendants.

CASE NO. 4:17-CV-00294

**STIPULATION FOR PROTECTIVE
ORDER**

Upon stipulation of the parties for an Order pursuant to Fed. R. Civ. P. 26(c) that trade secret or other confidential information be disclosed only in designated ways:

**1.**     As used in the Protective Order, these terms have the following meanings:

**(a)**     "Attorneys" or "Counsel" means outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

> BURSHOR & FISHER, P.A.
> Yitzchak Kopel
> 888 Seventh Avenue
> New York, NY 10019
> Tel:  (646) 837-7150
> Fax: (212) 989-9163
> E-Mail: ykopel@bursor.com
>
> *Attorneys for Plaintiffs*
>
> COOLEY LLP
> MICHELLE C. DOOLIN (179445)
> (doolinmc@cooley.com)
> DARCIE A. TILLY (239715)
> (dtilly@cooley.com)
> 4401 Eastgate Mall
> San Diego, CA 92121
> Telephone: (858) 550-6000
> Facsimile:  (858) 550-6420
>
> THOMPSON COBURN LLP
> William R. Bay
> (wbay@thompsoncoburn.com)
> One US Bank Plaza
> St. Louis, Missouri 63101
> Phone: (314) 552-6008
>
> *Attorneys for Defendants*

**(b)**     "Confidential – Attorneys' Eyes Only" Documents are the subset of confidential Documents designated pursuant to Paragraph 5;

**(c)**     "Document" or "Documents" are all materials within the scope of Fed. R. Civ. 34;

**(d)** "Party" or "Parties" mean Plaintiffs Stephen Penrose, James Thomas, Joseph Guardino, and Daniel Pope (collectively, "Plaintiffs"), and Defendants Buffalo Trace Distillery, Inc., Old Charter Distillery, Co., and Sazerac Company, Inc. (collectively, "Defendants").

**(e)** "Written Assurance" means an executed Document in the form attached as Exhibit A.

**2.** By identifying a Document as "Confidential," a Party may designate any Document, including interrogatory response, other discovery response, and/or transcript, that it, in good faith, contends constitutes or contains trade secret or other confidential information.

**3.** All confidential Documents, along with the information contained in the Documents, shall be used solely for the purpose of this action, and any other litigation between plaintiffs Stephen Penrose, James Thomas, Joseph Guardino, and Daniel Pope, on the one hand, and defendants Buffalo Trace Distillery, Inc., Old Charter Distillery Co., and Sazerac Company, Inc., on the other hand, concerning the same subject matter, and no person receiving such Documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the Documents to any person other than those specified in Paragraph 4. Prohibited purposes include, but are not limited to, use for competitive purposes or the prosecution of intellectual property rights.

**4.** Access to any confidential Document shall be limited to:

**(a)** The Court and its personnel;

**(b)** Attorneys of record and their office associates, legal assistants, and stenographic and clerical employees;

**(c)** Persons shown on the face of the Document to have authored or received it;

(d)     Court reporters retained to transcribe testimony;

(e)     The Parties and the employees, officers, directors, and executives of the Parties to this action, including the Parties' inside counsel;

(f)     Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any Party) who are used by a Party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action.

5.     The Parties shall have the right to further designate confidential Documents or portions of Documents  as "Confidential – Attorneys' Eyes Only." Disclosure of such information shall be limited to the persons designated in Paragraphs 4(a), (b), (c), (d), and (f).

6.     Third parties producing Documents in the course of this action may also designate Documents as "Confidential" or "Confidential – Attorneys' Eyes Only," subject to the same protections and constraints as the Parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All Documents produced by such third parties, even if not designated by such third parties as "Confidential" or "Confidential – Attorneys' Eyes Only," shall be treated by the Parties to this action as "Confidential – Attorneys' Eyes Only" for a period of 15 days from the date of their production. During that 15 day period, any party may designate such Documents as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

7.     Each person who is to receive confidential information, pursuant to Paragraph 4(f), shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 11 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the Party whose designated Documents are sought to

3

be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a Party objects in writing to such disclosure within 10 days after receipt of notice, no disclosure shall be made until the Party seeking disclosure obtains the prior approval of the Court or the objecting party.

8.      All depositions or portions of depositions taken in this action that contain trade secret or other confidential or personal information may be designated "Confidential" or "Confidential – Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential – Attorneys' Eyes Only" Documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 10 days of receipt of the final transcript. Unless otherwise agreed depositions shall be treated as "Confidential – Attorneys' Eyes Only" until 10 days after receipt of the final transcript. The deposition of any witness (or any portion of such deposition) that includes confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

9.      If a Party inadvertently fails to identify or designate the Document or thing being produced as "Confidential" or "Confidential-Attorneys' Eyes Only" in accordance with this Order, the designating Party may give written notice to the receiving Party that the Document or thing produced is Confidential, and that the Document or thing produced should be treated in accordance with the designation under this Order. The receiving Party must treat the Document or thing produced as Confidential, once the designating Party so notifies the receiving Party.  Any Party receiving such inadvertently unmarked Documents shall make reasonable efforts to retrieve Documents distributed to persons not entitled to receive Documents with the corrected designation.

10.      Nothing in this Order will prejudice the right of any party to object to the production of any discovery material on the ground that the material is protected as privileged or attorney

work product.

11.     When a designating Party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of all Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work product-protected Document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this litigation or in any other proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12.     If a Party intends to file a Document containing confidential information with the Court, this Protective Order grants leave to make such filing under seal in compliance with Local Rule 83- 13.05(A) and/or the Electronic Case Filing/Case Management procedures manual.

13.     Any Party may request a change in the designation of any information designated "Confidential" and/or "Confidential-Attorneys' Eyes Only." Any such Document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the Party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" and/or "Confidential-Attorneys' Eyes Only" in the action may be affected. The Party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

14.     Within 60 days of the termination of this action, and any other litigation between plaintiffs Stephen Penrose, James Thomas, Joseph Guardino, and Daniel Pope, on the one hand,

and defendants Buffalo Trace Distillery, Inc., Old Charter Distillery Co., and Sazerac Company, Inc., on the other hand, concerning the same subject matter, including any appeals, each Party shall either destroy or return to the opposing party all Documents designated by the opposing Party as "Confidential" and/or "Confidential-Attorneys' Eyes Only" and all copies of such Documents, and shall destroy all extracts and/or data taken from such Documents. Each Party shall provide a certification in writing to the disclosing Party as to such return or destruction within the 60-day period, upon request. Attorneys shall be entitled to retain, however, all work product generated, even if it contains "Confidential" and/or "Confidential-Attorneys' Eyes Only" information, a set of all Documents filed with the Court and all correspondence generated in connection with the action, and one copy of Documents designated as "Confidential" and/or "Confidential-Attorneys' Eyes Only."  Additionally, Counsel for the Parties are not required to delete information that may reside on their firms' electronic back-up systems that are over-written in the normal course of business.  Any such archival copies that contain or constitute "Confidential" or "Confidential – Attorneys' Eyes Only" materials remain subject to this Protective Order.

15.     Any Party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

16.     No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

17.     The obligations imposed by the Protective Order shall survive the termination of this action.

18.     Within 60 days of the termination of this action, including any appeals, the parties

shall file a motion seeking leave to remove any physical materials designated "Confidential" or

"Confidential – Attorneys' Eyes Only" from the office of the Clerk of Court.

Stipulated to:

Dated:  March 16, 2018

By: */s/ Michelle C. Doolin*
        Michelle C. Doolin

**COOLEY LLP**
Michelle C. Doolin
(mdoolin@cooley.com)
Darcie A. Tilly
(dtilly@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Phone: (858) 550-6000

**THOMPSON COBURN LLP**
William R. Bay
(wbay@thompsoncoburn.com)
One US Bank Plaza
St. Louis, Missouri 63101
Phone: (314) 552-6008

*Attorneys for Defendants Buffalo Trace*
*Distillery, Inc., Old Charter Distillery Co.,*
*and Sazerac Company, Inc.*

Dated:  March 16, 2018

By: */s/ Yitzchak Kopel*
        Yitzchak Kopel

**BURSOR & FISHER, P.A.**
Yitzchak Kopel
(ykopel@bursor.com)
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163

*Attorneys for Plaintiffs*

**IT IS SO ORDERED**

Dated: _____          _____

UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT A**
**WRITTEN ASSURANCE**

I, _____, declare that:

**1.**   My address is _____, and the address of my present employer is _____

**2.**   My present occupation or job description is_____

**3.**   My present relationship to plaintiff(s)/defendant(s) is _____
_____.

**4.**   I have received a copy of the Stipulation for Protective Order (the "Protective Order") in this action.

**5.**   I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential information received under the protection of the Protective Order.

**6.**   I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will destroy or return to counsel all confidential documents and things that come into my possession. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I declare under penalty of perjury under the laws of Missouri that the foregoing is true and correct.

Executed this __ day of _____, 20__, in the State of _____.

_____
Signature

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of March, 2018, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which in turn forwarded notification of same to all counsel of record in these proceedings.


By: */s/ Michelle C. Doolin*
Michelle C. Doolin