IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEPHEN PENROSE, JAMES THOMAS, JOSEPH GUARDINO, and DANIEL POPE on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>BUFFALO TRACE DISTILLERY, INC., OLD CHARTER DISTILLERY CO., and SAZERAC COMPANY, INC.,<br><br>       Defendants. | CASE NO. 4:17-CV-00294-HEA |

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Defendants Buffalo Trace Distillery, Inc., Old Charter Distillery Co., and Sazerac Company, Inc. ("Defendants") answer the First Amended Class Action Complaint ("First Amended Complaint") by Plaintiffs Stephen Penrose, James Thomas, Joseph Guardino, and Daniel Pope ("Plaintiffs") as follows:

## FACTUAL ALLEGATIONS[1]

1.      This is a class action lawsuit on behalf of purchasers of Old Charter bourbon (the "Product") in the United States.

**ANSWER:**  Defendants deny that this lawsuit can be maintained as a class action.


2.      Defendants represent that Old Charter is an 8-year aged bourbon. That is false and misleading. Old Charter used to be aged for 8 years, but Defendants stopped that practice in approximately October 2013. The bourbon bearing the Old Charter name is now aged for significantly less than 8 years and is of inferior quality to its former self. But in an attempt to upsell the newer, younger, and inferior product, Defendants' bottle labeling still misleads consumers to believe that the bourbon is aged 8 years.

**ANSWER:**  Denied.

---

[1] In the following sections, each heading and paragraph number refers to the respective heading and paragraph number used in the First Amended Complaint.  Reproducing the headings and paragraph numbers of the First Amended Complaint is done only for convenience, and does not indicate any agreement or other endorsement by Defendants of such headings and any text of the First Amended Complaint.  Defendants deny any and all allegations made in the First Amended Complaint that are not specifically and expressly admitted below.

**3.**      The misrepresentation appears in three places on the bottle: on the neck, on its own label on the top of the body, and in the text portion which reads "gently matured for eight seasons in century old brick warehouses:"



**ANSWER:** Defendants admit that Plaintiffs purport to provide a picture of an Old Charter bottle. To the extent the allegations in paragraph 3 purport to summarize or characterize the appearance of that Old Charter bottle, Defendants refer the Court to that Old Charter bottle.  To the extent the allegations in paragraph 3 differ in any way from that Old Charter bottle, Defendants deny every such allegation.  Except as expressly admitted herein, denied.

**4.**      The label from before and after Defendants' switcheroo was unchanged with one minor exception. In an apparent game of "gotcha" with consumers, Defendants omitted the words "aged" and "years" from the label, but still repeatedly touted the now-meaningless number 8:



**ANSWER:** Defendants admit that Plaintiffs purport to provide a picture of two Old Charter bottles.  To the extent the allegations in paragraph 4 purport to summarize or characterize the appearance of those Old Charter bottles, Defendants refer the Court to those Old Charter bottles. To the extent the allegations in paragraph 4 differ in any way from those Old Charter bottles, Defendants deny every such allegation. Except as expressly admitted herein, denied.

5.      This deceptive change fails to inform anyone that Defendants' product is now composed of cheaper and lower-quality bourbon. The number 8 is still prominently shown in the same three places on the bottle, and the label still reads "gently matured for eight seasons …."

**ANSWER:**  To the extent the allegations in paragraph 5 purport to summarize or characterize the appearance of an Old Charter bottle, Defendants refer the Court to such Old Charter bottle.  To the extent the allegations in paragraph 5 differ in any way from such Old Charter bottle, Defendants deny every such allegation.  Except as expressly admitted herein, denied.


6.      This misrepresentation could not have occurred by accident or happenstance. The subtlety of this change evidences an intention by Defendants to deceive consumers.

**ANSWER:**  Denied.


7.      It is clear that the word "seasons" unambiguously means "years." This is readily apparent from the labels of Defendants' prior eight-year and ten-year Old Charter products, which claimed to be matured for "eight seasons" and "ten seasons," respectively:



**ANSWER:** Defendants admit that Plaintiffs purport to provide a picture of two Old Charter bottles.  To the extent the allegations in paragraph 7 purport to summarize or characterize the appearance of those Old Charter bottles, Defendants refer the Court to those Old Charter bottles. To the extent the allegations in paragraph 7 differ in any way from those Old Charter bottles, Defendants deny every such allegation.  Except as expressly admitted herein, denied.


8.      It is also clear that the number "8" is not merely part of Old Charter's name. This is apparent from the Old Charter 10-year product, which does not include the number "8" on its

labeling. Similarly, Defendants' own website refers to the Product as "Old Charter" without any reference to the number 8.[2] And the Alcohol and Tobacco Tax and Trade Bureau ("TTB") application for Old Charter's labeling likewise reads "Old Charter" under the "Brand Name" section. The number 8 does not appear in any of these places.

**ANSWER:**  To the extent the allegations in paragraph 8 purport to summarize or characterize the appearance of an Old Charter bottle, the contents of a website, and/or the contents of an Alcohol and Tobacco Tax and Trade Bureau ("TTB") application, Defendants refer the Court to such Old Charter bottle, website, and/or TTB application.  To the extent the allegations in paragraph 8 differ in any way from such Old Charter bottle, website, and/or TTB application, Defendants deny every such allegation.  Except as expressly admitted herein, denied.

9.     Published reviews of Old Charter agree that quality has significantly dropped since Defendants stopped aging the bourbon for 8 years. One reviewer wrote that he had "mistakenly purchased a handle of Old Charter 8 in Louisiana thinking it was the 8 year and had then found a[n old] bottle of the 8 year [and] decided that we needed to do another comparison. See if I should still be upset at the change." After sampling both, the reviewer concluded that "for Old Charter 8 the NAS [non age-stated] release was strikingly inferior to the age-stated product."[3]

**ANSWER:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the contents of a third-party website and, on that basis, deny the allegations in paragraph 9.

10.     Countless consumers have complained online of Defendants' deceiving practice. For example, one consumer wrote:

> Several bourbons are going this route and you can argue over the reasoning as to why but it [angers me] that I bought Old Charter 8

---

[2] *See* http://www.buffalotracedistillery.com/brands/old-charter (last visited Jan. 25, 2017).
[3] http://www.bourbonguy.com/blog/2014/12/23/sazerac-just-remove-the-damn-numbers-part-2-old-charter-8-vs-8-year

yesterday thinking it was 8 yr [sic] old and not the new no age statement 8.[4]

Another wrote:

And what's said is deceptive, very deceptive in fact . . . It's still hogwash though and deceptive . . . because what you're really doing is selling younger whisky while pretending it's older (emphasis added).[5]

Another wrote:

It's one thing to have supply issues and be honest. It's another to pull the years but keep the number on the bottle to give the perception of an aged product. It's getting hard to support this companies [sic] products, very hard.[6]

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the contents of third-party websites and, on that basis, deny the allegations in paragraph 10.

11.    Despite the fact that Defendants switched the Old Charter bourbon to a younger and lower quality spirit, the price remained the same. Consumers therefore got stuck paying the premium price of an 8-year bourbon for a much lower-value product.

**ANSWER:** Denied.

12.    The price premium associated with age-stated bourbon is readily discernable from Defendants' pricing of their other products. For example, at Total Wine, the largest independently owned wine store in the United States, WL Weller 12 year commands a 50% price increase over WL Weller Special Reserve, the non-age-stated version of the same bourbon.[7]

---

[4] https://www.reddit.com/r/bourbon/comments/2p0nrv/review_56_old_charter_8_year/
[5] https://www.straightbourbon.com/community/topic/22902-what-bourbon-did-you-purchasetoday-spring-2015/?page=35
[6] https://www.straightbourbon.com/community/topic/20960-more-age-statement-deception-bysazerac/
[7] *Compare* http://www.totalwine.com/search/all?text=weller+special+reserve&tab=fullcatalog (price of WL Weller Special Reserve is $16.99) *with* http://www.totalwine.com/spirits/bourbon/small-batch-bourbon/wl-weller-bourbon-12-yr/p/105505750 (price of WL Weller 12 year is $25.49).

**ANSWER:** Defendants deny the allegations in the first sentence of paragraph 12.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the contents of a third-party website and, on that basis, deny the remaining allegations in paragraph 12.


13.     Plaintiffs are purchasers of Old Charter who assert claims on behalf of themselves and similarly situated purchasers of Old Charter for violations of the consumer protection laws of Missouri, Florida, New York, and South Carolina, unjust enrichment, breach of express warranty, and fraud.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and, on that basis, deny them.


### PARTIES

14.     Plaintiff Stephen Penrose is a citizen of Missouri who resides in St. Louis, Missouri. Mr. Penrose purchased Old Charter from The Wine Merchant in Clayton, Missouri, on April 4, 2016 for approximately $31.99 plus $2.76 in taxes for a total of $34.75. Prior to purchase, Mr. Penrose carefully read the Old Charter bottle's labeling, including the number eight that appears in three locations on the front of the bottle, as well as the statement that the Product is "gently matured for eight seasons." Mr. Penrose understood this to mean that Old Charter was aged for eight years, and relied on it in that he would not have purchased Old Charter at all, or would have only been willing to pay a substantially reduced price for Old Charter had he known that this representation was false and misleading.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and, on that basis, deny them.


15.     Plaintiff James Thomas is a citizen of North Carolina who resides in Statesville, North Carolina. Mr. Thomas purchased Old Charter from ABC Fine Wine & Spirits in DeLand, Florida, on November 18, 2016 for $31.99. Prior to purchase, Mr. Thomas carefully read the Old

Charter bottle's labeling, including the number eight that appears in three locations on the front of the bottle, as well as the statement that the Product is "gently matured for eight seasons." Mr. Thomas understood this to mean that Old Charter was aged for eight years, and relied on it in that he would not have purchased Old Charter at all, or would have only been willing to pay a substantially reduced price for Old Charter had he known that this representation was false and misleading.

**ANSWER:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and, on that basis, deny them.


16.    Plaintiff Joseph Guardino is a citizen of New York who resides in Staten Island, New York. Mr. Guardino purchased Old Charter from Gramercy Wine & Spirits in New York, New York, in or about November 2015 for approximately $22.99. Prior to purchase, Mr. Guardino carefully read the Old Charter bottle's labeling, including the number eight that appears in three locations on the front of the bottle, as well as the statement that the Product is "gently matured for eight seasons." Mr. Guardino understood this to mean that Old Charter was aged for eight years, and relied on it in that he would not have purchased Old Charter at all, or would have only been willing to pay a substantially reduced price for Old Charter had he known that this representation was false and misleading.

**ANSWER:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and, on that basis, deny them.


17.    Plaintiff Daniel Pope is a citizen of South Carolina who resides in Woodruff, South Carolina. Mr. Pope purchased two Old Charter bottles from Pelham Road Party Shop in South Carolina for approximately $19.99 each. Prior to purchase, Mr. Pope carefully read the Old Charter bottle's labeling, including the number eight that appears in three locations on the front of the bottle, as well as the statement that the Product is "gently matured for eight seasons." Mr. Pope understood this to mean that Old Charter was aged for eight years, and relied on it in that he would

not have purchased Old Charter at all, or would have only been willing to pay a substantially reduced price for Old Charter had he known that this representation was false and misleading.

**ANSWER:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and, on that basis, deny them.

18.     Defendant Buffalo Trace Distillery, Inc. is a Kentucky corporation with a principal place of business in Frankfort, Kentucky. Buffalo Trace Distillery is responsible for the manufacture, promotion, sales, and marketing of Old Charter bourbon in the United States. Buffalo Trace Distillery authorizes the false and misleading representation about Old Charter through its officers, directors, and agents.

**ANSWER:**  Defendants admit that Buffalo Trace Distillery, Inc. is a Kentucky corporation with a principal place of business in Frankfort, Kentucky.  Defendants further admit that Buffalo Trace Distillery manufactures, promotes, sells, and markets Old Charter bourbon in some states within the United States.  Except as expressly admitted herein, denied.

19.     Defendant Old Charter Distillery Co. is a Kentucky corporation with a principal place of business in Frankfort, Kentucky. Old Charter Distillery advertises, promotes, distributes, and sells Old Charter bourbon to hundreds of thousands of consumers in United States. Old Charter Distillery authorizes the false and misleading representation about Old Charter through its officers, directors, and agents.

**ANSWER:**  Denied.

20.     Defendant Sazerac Company, Inc. is a Louisiana corporation with a principal place of business at 3850 N. Causeway Blvd, Ste. 1695, Metairie, Louisiana 70002. Sazerac Company is the parent company of Buffalo Trace Distillery. Sazerac Company authorizes the false and misleading representation about Old Charter through its officers, directors, and agents.

**ANSWER:**  Defendants admit that Sazerac Company, Inc. is a Louisiana corporation.  Defendants further admit that Buffalo Trace Distillery is a wholly-owned subsidiary of Sazerac Company, Inc.  Except as expressly admitted herein, denied.

21.     At all times relevant to the allegations in this matter, each Defendant acted in concert with, with the knowledge and approval of, and/or as the agent of the other Defendants within the course and scope of the agency, regarding the acts and omissions alleged.

**ANSWER:**  Denied.

## JURISDICTION AND VENUE

22.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from one of the Defendants.

**ANSWER:**  Defendants do not contest the Court's jurisdiction.  Except as expressly admitted herein, denied.

23.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants do business throughout this District.

**ANSWER:**  Defendants do not contest that venue is proper.  Except as expressly admitted herein, denied.

24.     All conditions precedent necessary for filing this Complaint have been satisfied and/or such conditions have been waived by the conduct of the Defendants.

**ANSWER:**  Paragraph 24 contains Plaintiffs' legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 24.

## CLASS ACTION ALLEGATIONS

**25.**     Plaintiffs seek to represent a class defined as all persons in the United States who purchased Old Charter from October 1, 2013 to present (the "Class"). Excluded from the Class are persons who made such purchase for purpose of resale.

**ANSWER:** Paragraph 25 sets forth Plaintiffs' proposed class definition and does not require a response.  To the extent a response is required, Defendants deny the allegations in paragraph 25, including that this action can be maintained as a class action.

**26.**     Mr. Penrose also seeks to represent a subclass defined as all Class members who purchased Old Charter in the state of Missouri (the "Missouri Subclass").

**ANSWER:** Paragraph 26 sets forth Plaintiffs' proposed class definition and does not require a response.  To the extent a response is required, Defendants deny the allegations in paragraph 26, including that this action can be maintained as a class action.

**27.**     Mr. Thomas also seeks to represent a subclass defined as all Class members who purchased Old Charter in the state of Florida (the "Florida Subclass").

**ANSWER:** Paragraph 27 sets forth Plaintiffs' proposed class definition and does not require a response.  To the extent a response is required, Defendants deny the allegations in paragraph 27, including that this action can be maintained as a class action.

**28.**     Mr. Guardino also seeks to represent a subclass defined as all Class members who purchased Old Charter in the state of New York (the "New York Subclass").

**ANSWER:** Paragraph 28 sets forth Plaintiffs' proposed class definition and does not require a response.  To the extent a response is required, Defendants deny the allegations in paragraph 28, including that this action can be maintained as a class action.

29.     Mr. Pope also seeks to represent a subclass defined as all Class members who purchased Old Charter in the state of South Carolina (the "South Carolina Subclass").

**ANSWER:**  Paragraph 29 sets forth Plaintiffs' proposed class definition and does not require a response.  To the extent a response is required, Defendants deny the allegations in paragraph 29, including that this action can be maintained as a class action.

30.     Members of the Class and Subclasses are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and Subclasses number in the hundreds of thousands. The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third party retailers and vendors.

**ANSWER:**  Denied.

31.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to whether Defendants' labeling, marketing and promotion of Old Charter is false and misleading.

**ANSWER:**  Denied.

32.     The claims of the named Plaintiffs are typical of the claims of the Class in that the named Plaintiffs were exposed to Defendants' false and misleading marketing and promotional materials and representations, purchased Old Charter, and suffered a loss as a result of that purchase.

**ANSWER:**  Denied.

33.      Plaintiffs are adequate representatives of the Class and Subclasses because their interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

**ANSWER:**  Denied.

34.      The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**ANSWER:**  Denied.

## COUNT I

**Violation of Missouri Merchandising Practices Act (Mo. Rev. Stat. § 407)**

35.      Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

**ANSWER:** Defendants hereby incorporate as though fully set forth herein their answers to paragraphs 1–34.

36.     Plaintiff Penrose brings this claim individually and on behalf of the Missouri Subclass against all Defendants.

**ANSWER:**  Defendants deny that this action can be maintained as a class action.  Except as expressly admitted herein, denied.

37.     The conduct of Defendants as set for herein constitutes unfair or deceptive acts or practices, including, but not limited to, Defendants' manufacture and sale of Old Charter that is of a significantly younger and lesser quality than represented, which Defendants failed to adequately investigate, disclose, and remedy these misrepresentations.

**ANSWER:**  Denied.

38.     Defendants' actions as set forth above occurred in the conduct of trade or commerce.

**ANSWER:**  Denied.

39.     Defendants' actions impact the public interest because Plaintiff Penrose was injured in exactly the same way as thousands of others purchasing Old Charter as a result of Defendants' generalized course of deception. All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendants' business.

**ANSWER:**  Denied.

40.     Plaintiff Penrose and the Missouri Subclass were injured as a result of Defendants' conduct. Plaintiff Penrose did not receive the benefit of his bargain in that Old Charter is of a significantly younger and lesser quality than represented.

**ANSWER:**  Denied.

**41.**     Defendants' conduct proximately caused the injured to Plaintiff Penrose and the Missouri Subclass.

**ANSWER:**  Denied.


**42.**     Defendants are liable to Plaintiff Penrose and the Missouri Subclass for damages in amounts to be proven at trial, including attorneys' fees and costs.

**ANSWER:**  Denied.


## COUNT II

### Deceptive Acts Or Practices, New York Gen. Bus. Law § 349

**43.**     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

**ANSWER:** Defendants hereby incorporate as though fully set forth herein their answers to paragraphs 1–42.


**44.**     Plaintiff Guardino brings this claim individually and on behalf of members of the New York Subclass against all Defendants.

**ANSWER:** Defendants deny that this action can be maintained as a class action.  Except as expressly admitted herein, denied.


**45.**     By the acts and conduct alleged herein, Defendants committed unfair or deceptive acts and practices by making false representations on the labels of Old Charter.

**ANSWER:**  Denied.


**46.**     The foregoing deceptive acts and practices were directed at consumers.

**ANSWER:**  Denied.

47.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the amount of time Defendants' Product has been aged for.

**ANSWER:**  Denied.

48.     Plaintiff Guardino and members of the New York Subclass were injured as a result because (a) they would not have purchased Old Charter if they had known that Old Charter was aged for less than eight years, and (b) they overpaid for Old Charter because it is sold at a price premium when compared to similar products that do not contain this misrepresentation.

**ANSWER:**  Denied.

49.     On behalf of himself and other members of the New York Subclass, Plaintiff Guardino seeks to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

**ANSWER:**  Paragraph 49 is a demand for relief by Plaintiffs and requires no response.  To the extent a response is required, Defendants deny the allegations in paragraph 49.

## COUNT III

### False Advertising, New York Gen. Bus. Law § 350

50.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

**ANSWER:**  Defendants hereby incorporate as though fully set forth herein their answers to paragraphs 1–49.

51.     Plaintiff Guardino brings this claim individually and on behalf of members of the New York Subclass against all Defendants.

**ANSWER:** Defendants deny that this action can be maintained as a class action.  Except as expressly admitted herein, denied.


52.     Based on the foregoing, Defendants have engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting the amount of time the Product has been aged on the labeling of Old Charter.

**ANSWER:**  Denied.


53.     The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

**ANSWER:**  Denied.


54.     This misrepresentation has resulted in consumer injury or harm to the public interest.

**ANSWER:**  Denied.


55.     As a result of this misrepresentation, Plaintiff Guardino and members of the New York Subclass have suffered economic injury because (a) they would not have purchased Old Charter if they had known that Old Charter was aged for less than eight years, and (b) they overpaid for Old Charter because it is sold at a price premium when compared to similar products that do not contain this misrepresentation.

**ANSWER:**  Denied.


56.     On behalf of himself and other members of the New York Subclass, Plaintiff Guardino seeks to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

**ANSWER:** Paragraph 56 is a demand for relief by Plaintiffs and requires no response.  To the extent a response is required, Defendants deny the allegations in paragraph 56.

## COUNT IV

### Unjust Enrichment

57.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

**ANSWER:** Defendants hereby incorporate as though fully set forth herein their answers to paragraphs 1–56.

58.     Plaintiffs bring this claim individually and on behalf of members of the Class and Subclasses against all Defendants.

**ANSWER:** Defendants deny that this action can be maintained as a class action.  Except as expressly admitted herein, denied.

59.     Plaintiffs and Class members conferred benefits on Defendants by purchasing Old Charter.

**ANSWER:** Denied.

60.     Defendants have knowledge of such benefits.

**ANSWER:** Denied.

61.     Defendants have been unjustly enriched in retaining the revenues derived from Plaintiffs' and Class members' purchases of Old Charter. Retention of those moneys under these circumstances is unjust and inequitable because Defendants misrepresented that Old Charter was aged for eight years when in fact it was not.

**ANSWER:** Denied.

**62.**     Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiffs and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiffs and the Class members for their unjust enrichment, as ordered by the Court.

**ANSWER:**  Denied.


## COUNT V

### Breach of Express Warranty

**63.**     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

**ANSWER:** Defendants hereby incorporate as though fully set forth herein their answers to paragraphs 1–62.


**64.**     Plaintiffs bring this claim individually and on behalf of members of the Class and Subclasses against Defendants.

**ANSWER:** Defendants deny that this action can be maintained as a class action.  Except as expressly admitted herein, denied.


**65.**     In connection with the sale of Old Charter, Defendants, as the designers, manufacturers, marketers, distributors, and/or sellers issued written warranties by placing the number eight in prominent locations on the front of Old Charter's labeling and by representing that Old Charter was "gently matured for eight seasons."

**ANSWER:**  Denied.


**66.**     In fact, Old Charter does not conform to the above-referenced representations because Old Charter is actually of a younger, lesser quality than represented.

**ANSWER:**  Denied.

67.    Plaintiffs and Class members were injured as a direct and proximate result of Defendants' breach because (a) they would not have purchased Old Charter if they had known that Old Charter was aged for less than eight years, and (b) they overpaid for Old Charter because it is sold at a price premium when compared to similar products that do not contain this misrepresentation.

**ANSWER:**  Denied.

68.    On or about December 29, 2016, prior to filing this action, a notice letter was served on Defendants which complies in all respects with UCC 2-607(3)(a). Plaintiffs sent Defendants a letter via certified mail advising them that they are in violation of the causes of action asserted herein, including but not limited to UCC 2-714.

**ANSWER:**  Defendants admit that Plaintiffs purport to attach a copy of a notice letter as Exhibit A.  To the extent the allegations in paragraph 68 purport to summarize or characterize the contents of that document, Defendants refer the Court to the contents of that document.  To the extent the allegations in paragraph 68 differ in any way from the contents of that document, Defendants deny every such allegation.  Except as expressly admitted herein, denied.

## COUNT VI

### Fraud

69.    Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

**ANSWER:**  Defendants hereby incorporate as though fully set forth herein their answers to paragraphs 1–68.

70.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendants.

**ANSWER:** Defendants deny that this action can be maintained as a class action.  Except as expressly admitted herein, denied.

71.     As discussed above, Defendants misrepresented on Old Charter's labeling that it was aged for eight years.

**ANSWER:**  Denied.

72.     The false and misleading representations and omissions were made with knowledge of their falsehood.

**ANSWER:**  Denied.

73.     The false and misleading representations and omissions were made by Defendants, upon which Plaintiffs and members of the proposed Class and Subclasses reasonably and justifiably relied, and were intended to induce and actually induced Plaintiffs and members of the proposed Class and Subclasses to purchase Old Charter.

**ANSWER:**  Denied.

74.     The fraudulent actions of Defendants caused damage to Plaintiffs and members of the proposed Class and Subclasses, who are entitled to damages and other legal and equitable relief as a result.

**ANSWER:**  Denied.

## COUNT VII
### Violation of Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. §§ 501.201, *et seq.*)

75.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

**ANSWER:** Defendants hereby incorporate as though fully set forth herein their answers to paragraphs 1–74.

76.     Plaintiff Thomas brings this claim individually and on behalf of members of the Florida Subclass against all Defendants.

**ANSWER:** Defendants deny that this action can be maintained as a class action.  Except as expressly admitted herein, denied.

77.     This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* ("FDUTPA"). The express purpose of FDUTPA is to "protect the consuming public…from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

**ANSWER:** To the extent the allegations in paragraph 77 purport to summarize or characterize Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* ("FDUTPA"), Defendants refer the Court to the text of that law.  To the extent the allegations in paragraph 77 differ in any way from FDUTPA, Defendants deny every such allegation.  Except as expressly admitted herein, denied.

78.     Plaintiff Thomas and members of the Florida Subclass are "consumers" within the meaning of Fla. Stat. § 501.203(7).

**ANSWER:** Paragraph 78 contains Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 and, on that basis, deny them.  Except as expressly admitted herein, denied.

79.     Defendants were engaged in "trade or commerce" as defined by Fla. Stat. § 501.203(8).

**ANSWER:** Paragraph 79 contains Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and, on that basis, deny them.  Except as expressly admitted herein, denied.

80.     The sale of Old Charter constituted "consumer transactions" within the scope of the Fla. Stat. §§ 501.201 to 501.213.

**ANSWER:** Paragraph 80 contains Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and, on that basis, deny them.  Except as expressly admitted herein, denied.

81.     Fla. Stat. § 501.204(1) declares unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

**ANSWER:** To the extent the allegations in paragraph 81 purport to summarize or characterize Fla. Stat. § 501.204(1), Defendants refer the Court to the text of that law.  To the extent the allegations in paragraph 81 differ in any way from Fla. Stat. § 501.204(1), Defendants deny every such allegation.  Except as expressly admitted herein, denied.

82.     Fla. Stat. § 501.204(2) states that "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to [section] 5(a)(1) of the Federal Trade Commission Act." Defendants' unfair and deceptive practices are likely to mislead – and have misled – the consumer acting reasonably in the circumstances, and violate Fla. Stat. § 501.204 and 21 U.S.C. § 352.

**ANSWER:** To the extent the allegations in paragraph 82 purport to summarize or characterize Fla. Stat. § 501.204(2), Defendants refer the Court to the text of that law. To the extent the allegations in paragraph 82 differ in any way from Fla. Stat. § 501.204(2), Defendants deny every such allegation. Except as expressly admitted herein, denied.

83.     Defendants have violated the FDUTPA by engaging in the unfair and deceptive practices as described herein which offend public policies and are immoral, unethical, unscrupulous, and substantially injurious to consumers, by making the express misrepresentations about Old Charter and by engaging in the trade or commerce of selling Old Charter while tricking consumers into thinking the Product is aged for eight years when in fact it is of a younger, lesser quality.

**ANSWER:** Denied.

84.     Plaintiff Thomas and members of the Florida Subclass have been aggrieved by Defendants' unfair and deceptive practices in that they paid for Old Charter, a bourbon of significantly younger and lesser quality than represented, which they would not have purchased had they known the true facts.

**ANSWER:** Denied.

85.     The damages suffered by Plaintiff Thomas and members the Florida Subclass were directly and proximately caused by the deceptive, misleading, and unfair practices of Defendants.

**ANSWER:** Denied.

86.     Pursuant to Fla. Stat. § 501.211(1), Plaintiff Thomas and members of the Florida Subclass seek a declaratory judgment against Defendants and restitution and disgorgement.

**ANSWER:** Paragraph 86 is a demand for relief by Plaintiffs and requires no response. To the extent a response is required, Defendants deny the allegations in paragraph 86.

87.    Additionally, pursuant to Fla. Stat. §§ 501.211(2) and 501.2105, Plaintiff Thomas and members of the Florida Subclass make claims for injunctive relief, damages, and attorneys' fees and costs.

**ANSWER:**  Paragraph 87 is a demand for relief by Plaintiffs, including a demand for injunctive relief which has been dismissed, and requires no response.  To the extent a response is required, Defendants deny the allegations in paragraph 87.


## COUNT VIII
### Violation of the South Carolina Unfair Trade Practices Act (S.C. Code. Ann. § 39-5-10, *et seq.*)

88.    Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

**ANSWER:**  Defendants hereby incorporate as though fully set forth herein their answers to paragraphs 1–87.


89.    Plaintiff Pope brings this claim individually and on behalf of members of the South Carolina Subclass against all Defendants.

**ANSWER:**  Defendants deny that this action can be maintained as a class action.  Except as expressly admitted herein, denied.


90.    Defendants have repeatedly and willfully engaged in unfair and deceptive acts and practices in the conduct of trade or commerce within the meaning of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C.  Code Ann. § 39-5-10, *et seq.*

**ANSWER:**  Denied.


91.    In particular, Defendants' misrepresentations on the labeling of Old Charter about the Product's age are deceptive and/or unfair acts or practices prohibited by the SCUTPA.

**ANSWER:**  Denied.


92.     Defendants' intent is evidenced by its switcheroo of the Product's labeling, by removing "aged" and "years" from the Product's labeling but leaving the prominent number "8" in three locations on the Product, including the representation that Old Charter is "gently matured for eight seasons."

**ANSWER:**  Denied.


93.     Defendants continued to make these misrepresentations, and continue to make these representations, after Defendants knew their Product was no longer aged for eight years and that consumers were being confused and mislead by Defendants' misrepresentations.

**ANSWER:**  Denied.


94.     Plaintiff Pope and members of the South Carolina Subclass justifiably relied on the misrepresentations and omissions to their detriment by purchasing Old Charter after seeing the Product, which bore the above-referenced misrepresentations.

**ANSWER:**  Denied.


95.     Indeed, Defendants made no attempt to inform consumers that Old Charter was not aged for eight years and was instead of a younger, lesser quality.

**ANSWER:**  Denied.


96.     Defendants' violations of SCUTPA occurred in the ordinary course of business, affect the public concern, and are capable of repetition.

**ANSWER:**  Denied.

97.     Defendants' actions are a willful and knowing violation of § 39-5-10 *et seq.*, with disregard for the rights of Plaintiff Pope and the public interest.

**ANSWER:** Denied.


98.     As a direct and proximate result of the foregoing, Plaintiff Pope and members of the South Carolina Subclass have been damaged in an amount to be determined at trial.

**ANSWER:** Denied.


99.     Because Defendants' knowingly and willfully engaged in unfair and deceptive acts and practices, which proximately caused injury to Plaintiff Pope and members of the South Carolina Subclass, Plaintiff Pope and members of the South Carolina Subclass are entitled to recover treble damages, attorney fees, and costs pursuant to SCUTPA, S.C. Code Ann. § 39-5-140 (2006).

**ANSWER:** Denied.


## RELIEF DEMANDED

100.    WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendants, as follows:

   a.    For an order certifying the nationwide Class and the Subclasses under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Subclasses and Plaintiffs' attorneys as Class Counsel to represent members of the Class and Subclasses;

   b.    For an order declaring that Defendants' conduct violates the statutes referenced herein;

   c.    For an order finding in favor of Plaintiffs, the nationwide Class, and the Subclasses on all counts asserted herein;

      d.      For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

      e.      For prejudgment interest on all amounts awarded;

      f.      For an order of restitution and all other forms of equitable monetary relief;

      g.      For an order awarding Plaintiffs and the Class and Subclasses their reasonable attorneys' fees and expenses and costs of suit

**ANSWER:**  Paragraph 100, and each of its subparts, is a demand for relief by Plaintiffs and requires no response.  To the extent a response is required, Defendants deny the allegations in paragraph 100.

## DEFENSES

Defendants allege and assert the following additional defenses to Plaintiffs' First Amended Complaint.  By pleading these defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  Defendants reserve the right to supplement or amend these defenses at an appropriate time, including after discovery has commenced, and Defendants do not knowingly or intentionally waive any applicable defense.  Furthermore, nothing stated in these defenses is intended or should be construed as a concession that any particular issue or subject matter is relevant to Plaintiffs' allegations.

### FIRST DEFENSE

(Failure to State a Claim)

The First Amended Complaint and each purported cause of action therein fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

(Lack of Standing)

Plaintiffs and/or members of the purported class lack standing to assert some or all of the claims alleged in the First Amended Complaint and to seek some or all of the relief requested.

## THIRD DEFENSE

### (No Harm)

Defendants are informed and believe, and therefore allege, that neither Plaintiffs nor any purported Class member sustained any loss, damage, harm, or detriment in any amount as a result of any alleged acts, omissions, fault, fraud, carelessness, recklessness, negligence, or other breach of duty by Defendants.

## FOURTH DEFENSE

### (Statute of Limitations)

The claims of Plaintiffs and/or members of the purported Class are barred by applicable statutes of limitations, including, but not limited to, Fla. Stat. § 501.207(5), N.Y. C.P.L.R. § 214, S.C. Code. Ann. § 39-5-150, and Mo. Ann. Stat. § 516.120.

## FIFTH DEFENSE

### (Laches)

Plaintiffs and/or members of the purported Class are barred from recovery in whole or in part by the doctrine of laches.

## SIXTH DEFENSE

### (Estoppel)

Plaintiffs and/or members of the purported Class are barred from recovery in whole or in part by the doctrine of estoppel.

## SEVENTH DEFENSE

### (Acquiescence)

Plaintiffs and/or members of the purported Class are barred from recovery in whole or in part by the doctrine of acquiescence.

## EIGHTH DEFENSE

### (Waiver)

Plaintiffs and/or members of the purported Class are barred from recovery in whole or in part by the doctrine of waiver.

**NINTH DEFENSE**

(Consent/Ratification)

Plaintiffs and/or members of the purported Class are barred from recovery in whole or in part because Plaintiffs expressly or impliedly approved, authorized, ratified, or consented to the conduct of which they complain.

**TENTH DEFENSE**

(Voluntary Payments)

The claims of Plaintiffs and/or members of the purported Class are barred in whole or in part by the voluntary payments doctrine.

**ELEVENTH DEFENSE**

(*In Pari Delicto*/Unclean Hands)

Plaintiffs and/or members of the purported Class are barred from recovery in whole or in part by the doctrine of *in pari delicto* and/or unclean hands.

**TWELFTH DEFENSE**

(Unjust Enrichment)

The claims of Plaintiffs and/or members of the purported Class are barred because they would be unjustly enriched by any recovery against Defendants.

**THIRTEENTH DEFENSE**

(Compliance with Laws)

The claims of Plaintiffs and/or members of the purported Class are barred in whole or in part because Defendants' alleged conduct fully or substantially complies with all applicable laws and regulations.

**FOURTEENTH DEFENSE**

(Not Suitable for Class Action Treatment)

This case is not suitable for class action treatment under Rule 23 of the Federal Rules of Civil Procedure.

**FIFTEENTH DEFENSE**

(South Carolina Subclass Not Authorized)

Plaintiffs' South Carolina Subclass is barred pursuant to S.C. Code Ann. § 39-5-140.

**SIXTEENTH DEFENSE**

(Accord and Satisfaction)

The claims of Plaintiffs and/or members of the purported Class are barred in whole or in part by the doctrine of accord and satisfaction. Some members of the purported Class may have sought and received full refunds for their purchases. These individuals have no claim.

**SEVENTEENTH DEFENSE**

(Failure to Mitigate)

If the named Plaintiffs or any member of the purported Class has been injured or damaged, which Defendants deny, the named Plaintiffs and each and every member of the purported Class are barred from recovery in whole or in part by their failure to mitigate their purported injuries and their failure to mitigate their purported damages.

**EIGHTEENTH DEFENSE**

(Offset)

If Plaintiffs and/or members of the purported Class suffered any loss, damage, actual injury, or detriment as a result of the purported facts alleged in the First Amended Complaint, which Defendants deny, Plaintiffs' recovery from Defendants should be offset and reduced to the fullest extent allowed under the applicable laws, including without limitation, for the value of products Plaintiffs and/or members of the purported Class received.

**NINETEENTH DEFENSE**

(Failure to State Facts Sufficient to Justify an Award of Punitive Damages)

Plaintiffs' request for punitive damages is barred because Defendants did not at any time act willfully or knowingly, or with oppression, fraud, or malice towards Plaintiffs and/or members of the purported Class.

## TWENTIETH DEFENSE

(Additional Defenses)

Defendants presently have insufficient knowledge or information upon which to form a belief whether it may have additional, yet unstated, affirmative defenses.  Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are appropriate.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1. That Plaintiffs take nothing by reason of their First Amended Complaint;

2. That judgment be entered thereon in favor of Defendants;

3. That the Court award Defendants their costs incurred in defense of this action, including their attorneys' fees; and

4. That the Court grant such other and further relief as it may deem proper.

Dated:      June 25, 2018                    Respectfully Submitted,

By: /s/ Michelle C. Doolin

**COOLEY LLP**
Michelle C. Doolin
(mdoolin@cooley.com)
Darcie A. Tilly
(dtilly@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Phone: (858) 550-6000

**THOMPSON COBURN LLP**
William R. Bay
(wbay@thompsoncoburn.com)
One US Bank Plaza
St. Louis, Missouri 63101
Phone: (314) 552-6008

*Attorneys for Defendants Buffalo Trace Distillery, Inc., Old Charter Distillery Co., and Sazerac Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June, 2018, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which in turn forwarded notification of same to all counsel of record in these proceedings.

*/s/ Michelle C. Doolin*_____